Ball *v.* Bennett et al.

purchaser, to have acted according to law. *Givan* v. *Doe*, 5 Blackf. 262; 1 Blackf. 210; 4 *id.* 230; 3 Dana, (Ky. Rep.) 621; 8 B. Mon. 385; 1 Gilman, 441; 2 Bibb. 401; 1 Hilliard on Mort. 132.

(2) The counsel for the appellee argue: It was the duty of the purchaser to take notice of the irregularity in the proceedings of the officers. It can not avail her to say that she was ignorant of it. The principle of *caveat emptor* applies to such sales. *Gantley's Lessee* v. *Ewing*, 3 How. 707; *Heimer* v. *Wilcox*, 1 Ind. 29.

The proceedings of the State officer, in making the sale herein, were *ex parte*, and, to be valid, they must strictly follow the law, and a sale for any excess over the amount actually due at the time, will vitiate the whole proceeding. *Doe ex dem. Weed* v. *McQuilkin*, 8 Blackf. 335; *McQuilkin* v. *Doe*, 3 Ind. 581; *Hutchins* v. *Doe, id.* 528; 3 Gilman, (Ills.) 32; Hilliard on Mort. 130, c. 7; 3 Litt. 415.

BALL *v.* BENNETT *et al.*

HUSBAND AND WIFE—TORTS OF WIFE.—The husband is liable for the torts and frauds of his wife, committed during coverture. If committed in his company, or by his order, he is alone liable. If not, they are jointly liable, and the wife must be joined in the suit with the husband.

SAME—EVIDENCE.—If husband and wife are jointly prosecuted in a civil action for the tort of the wife, in the alleged burning by her of a mill, it is competent for the plaintiff to prove that, within a short period before, and just preceding the burning, the wife was heard to threaten that, "she would burn it; that she would put a torch to it; that it should not stand much longer; that the old rattle trap should be burned up," &c.

APPEAL from the *Boone* Circuit Court.

.WORDEN, J.—This was an action by *Ball* against *Frederick*

*Bennett,* and *Mississippi Bennett,* his wife, and another, to recover damages for an alleged trespass of the defendants in setting fire to and burning up a certain saw mill, machinery, lumber, &c., of the plaintiff. Answer in denial. Verdict and judgment for the defendants.

On the trial, the plaintiff having proven his ownership of the property, and that it was destroyed by fire on the night of the 10th of *July,* 1863, then offered to prove by a competent witness that said *Mississippi* had repeatedly been heard to say, at different times and places, within thirty days prior to the burning of the mill, and coming down to a few days before that event, "that she would burn it; that she would put a torch to it; that it should not stand much longer; that the old rattle trap should be burned up."

The defendants objected to this testimony and it was rejected; the plaintiff excepting.

This testimony, it seems to us, was relevant and competent to go to the jury as having a tendency to show that said *Mississippi* set fire to the mill, or caused or procured it to be done. The weight that should be attached to the threats thus made would, of course, be for the determination of the jury, under all the circumstances of the case. If the said *Mississippi* were a *femme sole,* and were she alone sued for burning the mill, there can be no doubt that the evidence offered would be competent against her. How is the case altered by the fact that she is married, and that she and her husband are sued for the tort which the evidence offered had a tendency to fasten upon her? "The husband is liable for the torts and frauds of the wife committed during coverture. If committed in his company, or by his order, he alone is liable. If not, they are jointly liable, and the wife must be joined in the suit with the husband." 2 Kent Com. 143, 10th ed.

The evidence was rejected on the ground, apparently, that the admissions or declarations of the wife could not be given

Ball *v.* Bennett et al.

in evidence against the husband. We do not regard the evidence offered as coming within the rule that excludes the admissions of the wife against the husband. The threats offered to be proven had not the character of admissions, or, as they are sometimes loosely styled, declarations, merely. They were facts; and such facts, it may be observed, as had a tendency to show that the wife burned the mill or caused it to be burned, and if she did, then her husband is liable for the act. It may be admitted, for the purposes of this case, that if the wife, after the mill was burnt, admitted that she burnt it, the evidence could not be received against the husband. This would be an admission. But if, before the mill was burnt, she threatened to burn it, that was a fact which was just as competent to be shown against the husband as any other fact having a tendency to show that the wife committed the tort. A late writer, in speaking of the rule that excludes the declarations of husband or wife, says: "The rule does not extend to declarations of the parties which are in the nature of facts, for in such cases the presumptions which are made are not founded on the credit of the party, but of the fact." Cord. on Rights of Married Women, § 1,036.

The evidence offered, we think, was competent against the husband and wife, hence the judgment must be reversed.

*Per Curiam.*—The judgment below is reversed with costs, and the cause remanded for a new trial.

*John Pettit,* for the appellant.

*Dougherty & Hamilton,* for the appellee.