## CHOEN *v.* PORTER.

**REPLEVIN.** *Husband Liable for Wife's Tort.*—The husband is liable, in an action of replevin, for the unlawful detention by his wife, under claim of title in herself, of the chattels of another.

Choen *v.* Porter.

SAME.—*Act of* 1879 *Concerning Married Women.*—*Supreme Court.*—The act of March 25th, 1879, Acts 1879, p. 160, "concerning married woman," is not considered by the Supreme Court, in determining the liability of a husband for the tort of the wife, in an action tried prior to that time.

SAME.—*Disclaimer no Ground for Dismissal.*—*Title in Third Person.*—Title in a third person is a good defence in replevin, but the defendant is not entitled, on his verified disclaimer of interest in the property, and allegation of title and possession in a third person, to a dismissal of the suit.

SUPREME COURT.—*Record.*—*Instruction.*—*Signature of Judge.*—*Exception.*—*Bill of Exceptions.*—On appeal to the Supreme Court, the record set out, without a bill of exceptions, the instructions of the court to the jury, and also the file-mark and signature of the clerk of the court below, showing the fact and the date of their filing, accompanied, also, by his statement that the same had been given on motion of the defendant. On the margin of the record, opposite one of such instructions, was the word "Given," preceding what purported to be the signature of the judge, and also the words "Excepted to at the time by Pl'ff," preceding what purported to be the signature of the plaintiff's attorney; but the instruction nowhere appeared to have been signed by the defendant or his attorney.

*Held,* that the instruction is properly in the record, and that the defendant can not object that he had not signed the same.

From the Cass Circuit Court.

*D. P. Baldwin,* for appellant.

*H. C. Thornton,* for appellee.

WORDEN, C. J.—Replevin by Choen, against Porter, for some hogs.

The action was commenced before a justice of the peace, and appealed to the circuit court, where it was tried, resulting in a verdict and judgment for the defendant, a new trial being refused.

On the trial, the court gave to the jury the following, among other, charges, viz.:

"No. 6. In this case, if you find from the evidence, that, at the commencement of this action, the property described in the complaint was in [on?] the farm of the defendant, but was claimed by his wife and son, and that they had the control and care of said property, and the defendant took no steps in detaining said property, but

merely allowed the same to be kept on his farm by his wife and son, that would not be such a detention of said property, as the law contemplates, to entitle the plaintiff to recover against the defendant in this action."

This charge was duly excepted to by the appellant, and the giving of it was assigned as one of the reasons for a new trial.

We think the charge means, and must have been so understood by the jury, that the defendant was not liable for the detention of the property, and an action would not lie against him therefor, if the detention was caused by his wife and son, and he did nothing more in the way of such detention than to allow his wife and son to keep it on his farm.

This we regard as an incorrect statement of the law. The unlawful detention of the plaintiff's property was a tort; and if it was thus detained by the defendant's wife, he became liable to the plaintiff for the act. The husband is liable for the torts and frauds of his wife committed during coverture. *Ball* v. *Bennett*, 21 Ind. 427; Cooley Torts, 115. The husband is clearly liable in such case; and, if it be objected that the wife ought to have been joined in the action with her husband, it may be answered that no question was made in the case as to her non-joinder.

The modern statutes, enlarging the rights of married women in respect to property, do not release the husband from his common-law liability for the personal torts committed by his wife; but he may not be liable for torts committed by her in the management and control of her separate property. See *Rowe* v. *Smith*, 45 N. Y. 230; *Baum* v. *Mullen*, 47 N. Y. 577; *Kowing* v. *Manly*, 49 N. Y. 192; *Fiske* v. *Bailey*, 51 N. Y. 150.

But it can not be said that where she merely claims the property of another, and detains the same, the husband is not liable for the detention.

For the error in giving the charge above set out, the judgment will have to be reversed, and we pass over some other questions made by the appellant, as they may not arise upon another trial of the cause.

The appellee has assigned a cross error, upon the following ruling of the court below :

While the cause was pending and before trial, the defendant moved the court to dismiss the action as to him, and to substitute as defendants William R. and Mary Ann Porter, because the defendant filed before the justice who tried the cause his affidavit, stating, in substance, that he never had any interest in or claim to the property in dispute, that one of the two hogs in dispute belonged to Mary Ann Porter, and the other to William R. Porter, who owned the property long before the commencement of the action ; that the defendant never detained the property, which was in the possession of the persons named at the time the action was commenced ; that the persons named demand of him the property, which he cannot deliver to them by reason of this suit. The affidavit denies all collusion.

The court overruled this motion, and we think very correctly. If the title to the property was in the persons named, that was a good defence to the action, because the plaintiff could not recover without showing title in himself.

The affidavit of the defendant, that the title to the property was in others, and therefore not in the plaintiff, could not be received to settle the question of title against the plaintiff in that summary way, and thereby discharge the defendant from the action. Nor can a defendant in replevin be discharged from the action by disclaiming title to the property, because he is liable for damages and costs if he wrongfully and unlawfully detained it, and for the value of the property unless it is restored to the plaintiff.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

NOTE.—BIDDLE, J., was absent when this cause was considered.

ON PETITION FOR A REHEARING.

WORDEN, C. J.—The appellee has filed a petition for a rehearing in this case, in which it is claimed, as we understand it, that, under our statutes in respect to the rights of married women, the husband is not liable for the torts of his wife, committed without his participation therein. And he has called our attention to the following paragraph in Cooley on Torts, 118, in support of the position: "In Illinois it has been decided that under the new statutes the husband is not liable for a slander of the wife in which he did not participate, though the statutes on the subject, which were supposed to have changed the common law, were silent as regards her torts, and only purported to secure to the woman her property and earnings and the full control and enjoyment thereof. This is, perhaps, a sound conclusion. Certainly the reasons on which the new legislation proceeds are such as should leave the wife to respond alone for her torts, for they assume that she is fully capable of controlling her own actions, and can and will act independently of her husband."

The decision referred to by the learned author, in the above extract, was made in the case of *Martin* v. *Robson*, 65 Ill. 129. The Illinois statutes in respect to the rights of married women, however, differ somewhat from our own. The statutes of the two states are much alike in respect to the property of married women; but in Illinois a married woman is " entitled to receive, use and possess her own earnings, and sue for the same in her own name, free from the interference of her husband." This feature of the Illinois statutes seems to have been an important ele-

ment leading to the conclusion arrived at, that the husband was not liable for the torts of the wife. The court said, among other things : " The right, therefore, to receive and use her own earnings, uncontrolled by the husband, is conferred in express terms. The practical enjoyment of this right presupposes the right to appropriate her own time. The right to take and possess the wages of labor must be accompanied with the right to labor. If the husband can control, then the statute has conferred a barren right. If the wife can still only acquire earnings with his consent, then the statute was wholly unnecessary, for she might have done this prior to its enactment. The clear intent of the statute is, not alone to give to the wife the right to accept and use her earnings, but the right to labor, and thus acquire them.

" The intention of the Legislature to abrogate the common-law rule, to a great degree, that husband and wife were one person, and to give to the latter the right to control her own time, to manage her separate property, and contract with reference to it, is plainly indicated by these statutes. While they do not expressly repeal the common-law rule, that the husband is liable for the torts of the wife, they have made such a modification of his rights and her disabilities, as wholly to remove the reason for the liability."

In this State the common law prevails as to the earnings of the wife during coverture, and they belong to the husband. *Yopst* v. *Yopst,* 51 Ind. 61.

In the case of *Ball* v. *Bennett,* 21 Ind. 427, cited in the original opinion in this cause, which was decided without any very elaborate consideration it is true, after the passage of the most of our statutes enlarging the rights of married women, it was held that the husband was liable for the torts and frauds of the wife committed during coverture. We find nothing in our statutes which, in our

opinion, evinces an intention on the part of the Legislature to change the common law on that subject.

On the contrary, one of our statutory provisions clearly recognizes the common-law liability of the husband for the wife's torts. It is provided, that, "When any judgment is rendered against a husband and wife, for the tort of the wife, execution on such judgment shall be first levied on the land of such wife, if she have any." 1 R. S. 1876, p. 550, sec. 4.

The effect of an act passed after the trial of this cause, Acts 1879, p. 160, in reference to the earnings of married women, is not considered in passing upon this petition.

It was suggested in the original brief of the appellee, and it is now insisted, that the instruction is not properly in the record. In the original opinion we said nothing upon this point, because we thought it too clear for controversy. The instruction is not contained in any bill of exceptions.

The record contains the following entry in the cause :

"Come again the parties, and come also the jury, and after hearing the arguments of counsel and the instructions of the court, the jury retire for deliberation under the charge of a sworn bailiff. The following are the instructions of the court above referred to, and are marked ' Filed Oct. 22, 1875, Noah S. La Rose, Cl'k,' in these words :"

Then follow several instructions, including that set out in the original opinion, given on motion of the defendant. On the margin of the record, as it comes to us, opposite the instruction, appears the following:

" Given. D. H. Chase, Judge. Excepted to at the time by Pl'ff. Baldwin & Justice, for Pl'ff."

We think this was a substantial compliance with the statute, which provides that "A party excepting to the

giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write at the close of each instruction, 'refused and excepted to,' or 'given and excepted to,' which shall be signed by the party or his attorney." 2 R. S. 1876, p. 168, sec. 325. See Buskirk Prac. 101–2.

The plaintiff's exception to the instruction was probably noted on the margin of the paper on which the instruction was written. This we think may be regarded as " at the close of the instruction," within the spirit and purpose of the statute. Indeed, instructions are frequently, if not generally, written so closely together that no room is left for the opposite party to write his exceptions literally " at the close of each instruction."

Writing and signing the exception upon the margin of the paper opposite each instruction very clearly indicate the instruction to which the exception applies, and are a sufficient compliance with the statute.

But it is urged by the appellee, that, as the instruction was not signed by the appellee, who was the defendant below, or his attorney, the instruction can not be made a part of the record except by bill of exceptions.

We do not find by an examination of the record that the instruction was signed by the defendant or his attorney. This was required by the fourth clause of section 324 of the code. But the instruction was the defendant's instruction, given on his motion, and properly excepted to by the opposite party. We do not think the defendant can be heard to say that the plaintiff could not make the instruction a part of the record without a bill of exceptions, as provided for by section 325 above quoted, because of the failure of the defendant or his attorney to sign the instruction thus procured by him to be given. If the instruction had been refused, and the defendant were complaining of the refusal, the plaintiff might well object that it was not

signed by the defendant or his attorney, whether it was contained in a bill of exceptions or otherwise, as the failure to sign might be good ground for a refusal to give it.

The defendant procured the instruction to be given, and the plaintiff excepted in the manner prescribed by the section of the statute above quoted. This, we are clear, made the instruction a part of the record, without a bill of exceptions.

It is insisted, as we understand the petition for a rehearing, that this court can not know that the charge was read to the jury, or filed; and that the statement in the transcript, that " The following are the instructions of the court above referred to," is a mere statement of the clerk, and no part of the record.

To this it may be answered, that it is provided by section 324 of the code, above referred to, that " All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." Such instructions become, therefore, a part of the record. If they are given, and exception taken in the manner provided for by section 325, as in this case, these facts appear upon their face, and the instructions speak for themselves. The note of the filing marked on them by the clerk is sufficient evidence of the filing. And they being a part of the record, the clerk, in making out a transcript, may properly make such statement as will identify them, as he may in reference to any pleading in the cause, or other legitimate part of the record.

The petition for a rehearing is overruled.

NOTE.—BIDDLE, J., was absent when this petition was considered.