McCabe v. Berge et al.

---

No. 10,363.

## McCABE v. BERGE ET AL.

HUSBAND AND WIFE.—*Tort of Wife.*—*Judgment.*—*Execution.*—*Exemption.*— At common law, the husband is liable for the tort of his wife, not on account of any breach of the marriage contract, but as an incident of the marriage relation or status. Therefore, where judgment was rendered against a husband for the tort of his wife, and an execution was issued thereon, he could not claim any part of his property as exempt from sale on such execution upon the ground that his liability for his wife's tort resulted from his marriage contract with her.

SAME.—*Wife's Tort.*—*Statutory Rule.*—Under section 5120, R. S. 1881, in force since September 19th, 1881, husbands are not liable for the torts of their wives.

From the Monroe Circuit Court.

*J. F. Pittman*, for appellant.

HOWK, J.—The only error complained of by the appellant, the plaintiff below, is the decision of the circuit court in sustaining a demurrer, for the want of sufficient facts, to his complaint. He alleged in substance in his complaint, that he was, and had been for ten years last past, a *bona fide* resident and householder of Monroe county; that on the 29th day of November, 1879, the appellee Anna Berge recovered judgment against the appellant and his wife, Martha McCabe, for $50 damages, and costs taxed at $117.65, for slanderous words alleged to have been spoken by said Martha McCabe of and concerning the said Anna Berge; that the appellant had been made a defendant in said action for slander, solely because he was the husband of said Martha McCabe, against whom alone the cause of action existed; that the appellee Anna, on the 8th day of March, 1881, sued out an execution on her said judgment, and delivered the same to her co-appellee, Silas Grimes, then and since the sheriff of said county; that on July 2d, 1881, the appellee Grimes, as such sheriff, levied said execution on the appellant's real estate, in Monroe county, and had advertised the same for sale on August 13th, 1881, to satisfy said judgment, costs and accruing costs; that on August 3d, 1881, for the purpose of securing the benefits of the exemption laws of this State, the appellant made out a full, true and complete schedule and inventory of all such property, rights, credits and effects had or held by him on the 8th day of March, 1881, as were required by the exemption laws to be inventoried and scheduled and subscribed and sworn to by him, and then and there delivered the same to the appellee Grimes as such sheriff, and then and there demanded of and requested such sheriff to set off to him, as exempt from sale, on said execution, all the property, real and personal, described in his schedule, belonging to him, who was then and there a resident householder of this State; that the appellee Grimes, as such sheriff, caused the said property so inventoried and scheduled to be duly appraised, and the appellant's interest therein was valued and appraised at a sum less than $600;

whereupon appellant again demanded that all of said property, real and personal, be set off to him as exempt from sale on said execution, which the appellee Grimes, as such sheriff,. then and since refused to do; and the appellant said that the total value of his real and personal property and money required by the exemption laws to be inventoried, was $369.70, and less than $600; that on November 28th, 1879, the appellant was, and had since continued to be, a resident householder of Monroe county, and that, as against the appellant, the judgment in favor of appellee Anna Berge did not arise out of or sound in tort. Wherefore, etc.

In section 22 of the Bill of Rights, in the Constitution of this State, it is provided that " The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." In section 703, R. S. 1881, in force at the time of the rendition of the judgment, and of the issue of the execution thereon, mentioned in appellant's complaint, it is provided as follows: "An amount of property not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the taking effect of this act." On behalf of the appellant, it is claimed .by his counsel, that the judgment against him in favor of Anna Berge was not founded upon any tort by him committed, but that his liability in damages to Anna Berge grew out of, and was founded upon, his express contract of marriage with his wife, Martha McCabe. Appellant's counsel says, interrogatively, " Why is it, under the allegations of the complaint, that appellant was a party to the action of slander at all? It was not because he was a wrong-doer; not because he was a slanderer of the appellee Anna Berge, but because he was the husband of the wrong-doer, his wife, Martha McCabe. Why make him a party rather than another? Simply for the reason that under

the common law, when he entered into a marriage contract with the wrong-doer, Martha McCabe, his wife, he undertook to be answerable for her torts, and there can be no doubt that he is liable. But the appellant insists that he is civilly liable and *not* as a wrong-doer himself, and, hence, the judgment, upon which the execution was issued, arose (in the language of the Constitution) out of a liability and (in the words of the statute) was a debt growing out of, or founded upon, a contract, express or implied. It is submitted by appellant's counsel that a proper construction of the Constitution and statute above referred to will entitle the appellant to the exemption."

We have given the appellant's counsel the benefit of a full statement of his position and of his line of argument, in his own language, although we are clearly of the opinion that his position is untenable and his argument is unsound and illogical. If it were conceded that the appellant might have claimed at any time that the right of action of the appellee Anna Berge against him for the slanderous words spoken of her by his wife, Martha McCabe, grew out of or was founded upon any breach of his marriage contract, it is very clear, we think, that the claim ought to have been asserted in the suit for the slander, and before such right of action was merged in the judgment. For aught that appears to the contrary, the judgment in the slander suit against the appellant, as well as against his wife, Martha, was for damages resulting directly, not from his marriage contract, or any breach thereof, but from the tortious conduct or language of his wife. The judgment against him for damages in the slander suit concludes the question of the exemption of his property from sale on execution issued on such judgment, and is a complete bar to his subsequent claim for such exemption. *Slaughter* v. *Detiney*, 15 Ind. 49 ; *Sullivan* v. *Winslow*, 22 Ind. 153 ; *Love* v. *Blair*, 72 Ind. 281.

But aside from this we are of opinion that, under the common law, the liability of the husband for the torts or wrong-

ful speech or conduct of the wife did not grow out of, nor was it founded upon, in any proper or legal sense, the contract of marriage, or any breach of such contract. In section 5324, R. S. 1881, in force since July 2d, 1877, "Marriage is declared to be a civil contract, into which males of the age of eighteen and females of the age of sixteen, not nearer of kin than second cousins, and not having a husband or a wife living, are capable of entering." As between the immediate parties, under the law, marriage is "a civil contract"; but, as between them and the State or organized society, marriage is more than a civil contract. It is a status or relation. The common law liability of the husband for the torts of his wife was merely an incident of the marriage relation or status. *Ball* v. *Bennett,* 21 Ind. 427 ; *Choen* v. *Porter,* 66 Ind. 194 ; *Stockwell* v. *Thomas,* 76 Ind. 506 ; Cooley Torts, 115. It can not be said, therefore, that the appellant could lawfully claim any of his property as exempt from sale on the execution issued on the judgment recovered by Anna Berge against him for the tort of his wife.

The appellee's demurrer to the complaint was correctly sustained.

In conclusion we direct attention to section 5120, R. S. 1881, in force September 19th, 1881, wherein it is provided as follows :

" Married women, without reference to their ages, shall be liable for torts committed by them ; and an action may be prosecuted against them for torts committed, as if unmarried. Husbands shall not be liable for the contracts or the torts of their wives."

The judgment is affirmed, with costs.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.