No. 11,621.

## PENCE v. AUGHE, GUARDIAN.

PLEADING.—*Demurrer.*—*Incapacity to Sue.*—A demurrer to a complaint for the *second* statutory cause, "that the plaintiff has not legal capacity to sue," has reference only to some legal disability of the plaintiff, such as infancy or idiocy, and not to the fact that the complaint fails to show a right of action in such plaintiff.

SAME.—*Demurrer for Want of Facts.*—*Cause of Action in Plaintiff.*—A demurrer to the complaint for the *fifth* statutory cause (section 339, R. S. 1881) calls in question not only the sufficiency of the facts stated in the complaint to constitute a cause of action, but the right of the plaintiff to maintain the action.

PERSON OF UNSOUND MIND.—*Annulment of Marriage.*—*Incapable Party.*—*Guardian.*—*Complaint.*—Under section 1025, R. S. 1881, when either of the parties to a marriage is incapable, from unsoundness of mind or want of understanding, of contracting such marriage, a suit for the annulment of such marriage can be maintained upon a complaint in the name only of the incapable party, and not in the name of his or her guardian.

From the Clinton Circuit Court.

*E. A. Greenlee* and *I. W. Parsons*, for appellant.

*A. E. Paige* and *S. O. Bayless*, for appellee.

HOWK, J.—The first error assigned by the appellant, Carrie Pence, upon the record of this cause, is the overruling of her demurrer to appellee's complaint.

In his complaint the appellee, as guardian of Aaron W. Pence, a person of unsound mind, alleged that theretofore,. at the ————— term of the court below, he was duly appointed the guardian of Aaron W. Pence, who was then and there adjudged by the court to be of unsound mind; that appellee qualified and entered upon the discharge of his duties as such guardian; that Aaron W. Pence was of unsound mind and was extremely weak, physically and mentally, to such an extent as to render him wholly unfit to care for himself, or to comprehend and understand the effect and purport of any contract he might enter into or be induced to make; that the defendant Carrie Spriggs was a woman about forty or forty-five years of age; that, on July 30th, 1883, Carrie Spriggs represented to the clerk of the Tippecanoe Circuit Court that she was a *bona fide* resident of Tippecanoe county, and procured from such clerk a marriage license, authorizing her marriage to and with Aaron W. Pence; that on Sunday,. September 9th, 1883, Carrie Spriggs and Aaron W. Pence procured a carriage and went to the place about two miles in the country, away from the influence and control of the guardian and relations of Aaron W. Pence, and under the pretended authority of such marriage license, and by the services and ceremonies performed by a minister of the gospel, a pretended marriage ceremony was performed, having for its. primary object and purpose the union of Aaron W. Pence and Carrie Spriggs in the holy bonds of matrimony; that: Carrie Spriggs had ever since claimed to be the wife of Aaron W. Pence, and claimed an interest in his property and her support from the same, as if she were his lawful wife,. and had assumed the name of Carrie Pence, by which name the appellee asked that she be notified of this proceeding, as. well as by her lawful name of Carrie Spriggs, the two names representing one and the same serson; that Aaron W. Pence

was made a defendant, that he might be notified of the proceeding and answer thereto, if he had any other interest therein than that represented by his guardian, the appellee; that Carrie Spriggs, well knowing the feebleness and weakness of Aaron W. Pence's mind, influenced and persuaded him to enter into such pretended marriage relation with her, without the knowledge or consent of his guardian. Wherefore, etc.

To this complaiet, the appellant, Carrie Pence, demurred upon the following grounds: 1. That it did not state facts sufficient to constitute a cause of action; and, 2. That the appellee had not the legal capacity to sue.

It is clear, we think, that the second cause of demurrer does not present for decision the question which appellant's counsel manifestly sought to present thereby, namely: Whether or not the appellee, as the guardian of a husband of unsound mind, may maintain an action in his own name to obtain a decree annulling and setting aside the marriage of such husband? It has often been decided by this court, that a demurrer to a complaint assigning as cause, " that the plaintiff has not legal capacity to sue," has reference only to some legal disability of the plaintiff, such as infancy, idiocy or coverture, and not to the fact that the complaint fails to show a right of action in the plaintiff. *Dale* v. *Thomas,* 67 Ind. 570; *Dewey* v. *State, ex rel.,* 91 Ind. 173; *Traylor* v. *Dykins,* 91 Ind. 229. It was not shown by the complaint, in this case, that the appellee, Aughe, was incapacitated to sue, by reason of any legal disability.

The first cause of demurrer assigned by the appellant, however, presents not only the question of the sufficiency of the facts stated to constitute a cause of action, but a cause or right of action in the plaintiff. If the facts stated were sufficient to show that the marriage might be annulled at the suit of the husband, the question would still remain for decision, whether or not the legal guardian of the husband might institute and maintain, in his own name as guardian, a

suit for the annulment of such marriage. The complaint is defective as to dates. It is nowhere alleged therein that Aaron W. Pence was adjudged to be of unsound mind, or that appellee was his guardian, before or at the time of his marriage to the appellant. It might, perhaps, be inferred from some of the allegations of the complaint, that he was under guardianship as a person of unsound mind at the time of his marriage, but such a fact ought to be averred, and not left to mere inference. In section 5325, R. S. 1881, in force since May 6th, 1853, it is provided: " The following marriages are declared void: * * * Third. When either party is insane or idiotic at the time of such marriage." In section 1025, R. S. 1881, in force since March 10th, 1873, it is further provided on the same subject, as follows: " When either of the parties to a marriage shall be incapable, from want of age or understanding, of contracting such marriage, the same may be declared void, on application of the incapable party, by any court having jurisdiction to decree divorces; but the children of such marriage, begotten before the same is annulled, shall be legitimate; and in such cases the same proceedings shall be had as is provided in applications for divorce."

This latter section of the statute is the only one, so far as we are advised, that authorizes such a suit or proceeding as the one at bar; and in the absence of such statutory provisions, it is very certain, we think, that no such suit or proceeding could be maintained. Under these statutory provisions the question arises, and, in so far as the sufficiency of the complaint is concerned, this is the controlling question in this case, can such a suit or proceeding be instituted or maintained by or in the name of any person, other than the person specified in the statute as " the incapable party?" We are of opinion that this question must be answered in the negative. As between the immediate parties, under the law, marriage is a civil contract; but, as between them and the State or organized society, marriage is more than a civil contract.

It is a status or relation. *McCabe* v. *Berge*, 89 Ind. 225. With this status or relation courts can interfere only to the extent and in the manner prescribed by statute.

It is true, that under section 2551, R. S. 1881, the same powers are granted to guardians of persons of unsound mind as are granted by other laws to guardians of minors. But it is equally true that no power is expressly granted to the guardian of a minor, by any statute, to maintain such a suit in his own name, for or on account of his ward. It is certain, we think, that if a party to a marriage were incapable, from want of age, of contracting such marriage, the legal guardian of such party could not, in his own name as guardian, maintain the suit or proceeding authorized by section 1025 above quoted, for the annulment of such marriage. We conclude, therefore, that the facts stated in the complaint under consideration are not sufficient to constitute a cause of action in favor of the appellee as guardian, and against the appellant, Carrie Pence, and that, for this cause, her demurrer ought to have been sustained to such complaint.

This conclusion disposes of the case in hand, and we need not, therefore, consider now either of the other errors complained of by the appellant.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrer to the complaint.

Filed April 3, 1885.