Rudolph v. Lane.

---

RUDOLPH v. LANE.

| 57 | 115 |
|----|-----|
| 131 | 230 |
| 57 | 115 |
| 166 | 478 |

EVIDENCE.— *Weight of.— Witness.—Supreme Court.*—Courts ought not, as a rule, to weigh the evidence produced by the respective parties to a cause on trial, merely by the number of witnesses who may testify for each, but must determine which are the more worthy of belief; and, where the evidence is conflicting, such decision will not be disturbed by the Supreme Court on appeal.

SAME.—*Parol Evidence of Contents of Writing Destroyed.*—Parol evidence may be given of the contents of an instrument which has been destroyed, whether such destruction was done purposely, by accident, or by mistake.

SAME.—*Fraud.*—Where such destruction was done purposely, and apparently with a fraudulent design, parol evidence of its contents will not be permitted, without first introducing evidence rebutting the presumption of fraud.

From the Cass Circuit Court.

*N. O. Ross*, for appellant.

*McConnell & Nelson*, for appellee.

HOWK, J.—The appellee, as plaintiff, sued the appellant, as defendant, before a justice of the peace of Cass county, in this State, upon the following cause of action:

"Daniel A. Rudolph to Sampson G. Lane,    Dr.

"To cash loaned him on the 5th day of April,

1870, at Kokomo, Indiana . . . . $125 00

"Interest on same, at six per cent. per annum . 28 75

   "Total . . . . . . . $153 75"

There was a judgment by default, before the justice, for the full amount of the claim, from which judgment an appeal was duly taken to the court below. The cause was tried by the court, without a jury, on the 2d day of December, 1875, and a finding was made in favor of the appellee and against the appellant, for the sum of one hundred and sixty-six dollars and eighty-seven cents. On written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and to this decision the appellant excepted. And judgment was rendered by the court below upon its finding, from which judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as alleged error of the court below, the overruling of his motion for a new trial. The causes for a new trial, assigned by the appellant in his motion therefor, were as follows:

"1. The finding and decision of the court are not sustained by sufficient evidence, and are contrary to law; and,

"2. For error of law committed by the court on the trial of the cause, in permitting the plaintiff and N. J. Owens to testify to the contents of a written note or line, from the defendant to the plaintiff, which testimony was as follows:

"Sampson G. Lane, plaintiff:

"'On the 5th day of April, 1870, I was on the railroad, three miles north of Kokomo, when the train passed. The defendant was on the train, and dropped a piece of paper, which I picked up and read, and then handed it to Mr. Owens. It was destroyed. I destroyed it, because I had confidence in Mr. Rudolph. It requested me to loan him one hundred and twenty-five dollars for three or four days.'

"To which testimony, as to the contents of said note, the defendant at the time objected, and the court overruled the objection and permitted the witness to state its

contents, to which ruling the defendant at the time excepted.

" N. J. Owens testified:

" ' I was present when the train passed, and the note was thrown off to Mr. Lane. Rudolph threw it off. It was written by pencil. Rudolph's name was signed to it. I read it, and then tore it up and threw it on the ground. I can not state the exact language of the note, but the purport of it was a request to loan him one hundred and twenty-five dollars for a few days. He stated he would be back on a certain train.'

" To which evidence of the contents of said note, the defendant at the time objected. The court overruled the objection and admitted the evidence, to which the defendant at the time excepted."

In reference to the first cause for a new trial, appellant's learned counsel says, in his brief:

" The plaintiff, to make out his case, must establish by a preponderance of the evidence, that he loaned the money. This he has not done. He and the defendant stand alike interested in the event of the suit, and one states that the money was loaned, and the other that it was not. This leaves the case as if there was no evidence on the point, and the finding should have been for the defendant."

This conclusion by no means follows from the premises of the learned attorney. Courts do not, and ought not to, as a rule, weigh evidence by the number of witnesses testifying on each side. The evidence of one witness, even though a party, may, and often ought to, have more weight in the decision of the cause than the testimony of a dozen adverse witnesses. The court below must judge of the credibility of the different witnesses, and weigh and reconcile their clashing evidence; and, if their evidence can not be harmonized, the court below, or jury trying the cause, must determine which of the witnesses are the more worthy of belief. The conclusion arrived at

by the triers of the facts, in cases of conflicting evidence, will always be respected and upheld by this court.

The second cause assigned by the appellant for a new trial of this action was the alleged error of law occurring at the trial, and excepted to at the time, in the admission of evidence as to the contents of the destroyed note, thrown from a train of cars by the appellant to the appellee.    Appellant's counsel insists, "that where a party purposely, and not through mistake or inadvertence, destroys a writing, he may not afterward give parol evidence of its contents."   This question is one of but little importance in this case.    But, in our opinion, the learned counsel has not stated the law on this subject with his usual accuracy.    Our understanding of the rule of evidence on this point is this, that where a party purposely, and apparently with a fraudulent design, destroys a writing, he will not be permitted to give parol evidence of its contents, without first introducing evidence to rebut the suspicion of fraud arising from his act.   *The Count Joannes* v. *Bennett*, 5 Allen, 169; *Blade* v. *Noland*, 12 Wend. 173; *Riggs* v. *Tayloe*, 9 Wheat. 483.

In this case, however, we do not think that the act of the appellee, in destroying the appellant's note to him, was calculated to create even the slightest suspicion of any fraudulent design on the part of the appellee.   And if it could be said, that even a shadow of suspicion might possibly arise from appellee's act in destroying said note, it was certainly rebutted and removed by the appellee's evidence, that he destroyed the note because he had confidence in the appellant.

In our opinion, no error was committed by the court below, in overruling appellant's motion for a new trial.

The judgment of the court below is affirmed, with ten per cent. damages, at the costs of the appellant.