The Fort Wayne, Jackson and Saginaw R. R. Co. v. Husselman.

———————◆◆———————

## THE FORT WAYNE, JACKSON AND SAGINAW R. R. CO. v. HUSSELMAN.

SUPREME COURT.— *Weight of Evidence.*— *Case Criticised.*—The Supreme Court will not disturb a verdict on the mere weight of the evidence. *The Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind. 185, criticised.

From the DeKalb Circuit Court.

*J. I. Best, C. A. O. McClellan, J. M. Coombs, J. Morris* and *R. C. Bell*, for appellant.

*L. J. Blair*, for appellee.

HOWK, C. J.—This was an action by the appellant, as plaintiff, against the appellee, as defendant, upon a written agreement between the parties, of which the following is a copy :

" It is hereby understood between S. C. Evans, agent

Ft. W., J. & S. R. R. Co., and Henry Husselman, that he gives the right of way through his land, for his subscription $50, and stock in road $450=$500.00, and is to get out what ties he can at 25 cts. on track, and to board, at $3.50 per week, hands, and to let them get out what ties he can spare on his land besides at 5 cts. each.

(Signed,) " S. C. Evans, Agent of R. R. Co.,

his

" Henry· Husselman."

mark.

In its complaint, the appellant alleged, in substance, that the appellee, on the — day of ——, 1869, entered into the agreement, above set out, with the appellant, a copy of which was filed with and made part of the complaint, whereby, in consideration that the appellant should permanently locate and construct its railroad upon the line at that time surveyed across and over the east half of the south-east quarter of section 8, and the west half of the south-west quarter of section 9, all in township 34 north, of range 13 east, in DeKalb county, Indiana, then and still owned by the appellee, and release him from paying a subscription of fifty dollars to the·capital stock of the appellant, and pay him four hundred and fifty dollars, at its par value, in its capital stock, the appellee would sell and convey to the appellant the right of way for 100 feet in width, to be 50 feet in width on each side of the centre line of said railroad, as it was then and since located over said premises, and would within a reasonable time thereafter, upon the release of said subscription and payment of said stock, execute to the appellant a good and sufficient deed thereof; that, in pursuance of said agreement, the appellant took possession of said premises, and erected thereon lasting and valuable improvements, in this, that it constructed its railroad on said strip of land, and was then operating the same ; that the appellant cancelled said stock subscription and tendered to the appellee

a properly executed certificate for four hundred and fifty dollars, in its capital stock, and then brought the same into court, to be held subject to his order ; that the appellant had performed all the conditions of said agreement upon its part; and that, after it had so fulfilled its agreement as aforesaid, the appellant demanded of the appellee a deed for said premises, which he refused to execute. Wherefore the appellant demanded judgment, that the appellee should convey to the appellant said right of way, pursuant to said agreement, or that a commissioner should be appointed for that purpose, and for other proper relief.

Subsequently, the appellant filed a second paragraph, which is substantially the same, in its averments, as its original complaint, the substance of which we have given.

The appellee answered by a general denial; and, in a second paragraph, which was verified by his oath, he alleged that the written agreement in suit was never executed by him.

The issues joined were tried by a jury, and a general verdict was returned for the appellee. With their general verdict, the jury also returned their special findings on particular questions of fact submitted to them by the parties under the direction of the court ; but, as there was no motion for judgment on these special findings, we need not set them out in this opinion.

The appellant's motion for a new trial was overruled by the court, and to this ruling it excepted; and judgment was rendered on the general verdict, in favor of the appellee and against the appellant, for the costs of suit.

The only error assigned by the appellant in this court is the decision of the circuit court, in overruling its motion for a new trial. The causes for such new trial, assigned by the appellant in its motion therefor, were, that the verdict was not sustained by sufficient evidence, and that it was contrary to law.

But one question, therefore, is presented for our consideration and decision, by the record of this cause and the appellant's assignment of error thereon, and that is, was there any legal evidence introduced on the trial of this cause, which tended to sustain the verdict of the jury? The appellant's learned attorneys have ably and elaborately discussed the sufficiency of the evidence to sustain the verdict of the jury, in their brief of this cause in this court. They quote, as the basis of their argument, from the decision of this court in the case of *The Toledo, etc., Railway Co.* v. *Goddard*, 25 Ind. 185., ELLIOTT, J., delivering the opinion, the following extract, on page 195 :

"We do not ignore the rule so repeatedly laid down by this court, that we will not reverse a cause upon the mere weight of evidence. The general rule is that if there is evidence from which the jury might reasonably find or infer a fact, and they find accordingly, this court will not disturb the verdict because there is other evidence in conflict with that on which the finding is based. But where the evidence in support of the finding is clearly and overwhelmingly, or conclusively contradicted, it would be a reproach to the law, and a flagrant outrage upon the rights of parties to refuse to disturb the verdict, simply because it had been found by a jury."

No one can find fault with the theory of the rule or of the exception thereto, so clearly stated by the distinguished judge, who wrote the opinion of the court, from which the extract cited was taken. Practically, however, the exception to the rule can not be safely used. For, how can this court or its judges possibly know, that the evidence in support of the verdict or finding has been "clearly and overwhelmingly, or conclusively contradicted?" To arrive at such a conclusion, must we not weigh the evidence? If so, how can we, as an appellate court, by merely reading the written evidence, without any personal knowledge of the

intelligence or character of the witnesses, or any of those living indicia before us by which men ordinarily judge of the truthfulness and credibiltity of evidence, determine that the evidence in support of the verdict or finding has been "clearly and overwhelmingly, or conclusively contradicted?" We know of no rule or measure by which an appellate court can be safely guided, when it undertakes to determine such a question. Whether or not the evidence in any case is clear, or overwhelming, or conclusive, is a question for the jury trying the cause, and the judge presiding at such trial. When a jury have passed upon this question, and returned their verdict, and when the court, under whose eye and within whose hearing the evidence has been introduced and the cause has been tried, has refused to disturb the verdict upon the weight or sufficiency of the evidence, we are clearly of the opinion, that it is neither our province, nor our duty, to reverse the judgment of the trial court, merely because it may seem to us, from our reading of the record, that "the evidence in support of the finding is clearly and overwhelmingly, or conclusively contradicted."

In the case at bar, as it was tried in the court below, the controlling question for decision by the jury was, whether or not the appellee had executed, or authorized any one to execute for him, the written agreement with the appellant sued on in this action. The record shows, that the case was tried by two different juries, and on each trial the general verdict and the special findings of the jury were in favor of the appellee. The appellant had the larger number of witnesses in its behalf, and if the weight of the evidence could be properly determined by merely reading it, as we find it in the record, it would seem to us that the verdict of the jury was not sustained by the weight of the evidence. The appellee testified in his own behalf, and was his only witness. His evidence was plain, straightfor-

ward, probable and consistent. He denied persistently, that he had executed, or had authorized any one to execute for him, the written agreement in suit. The jury, who saw and heard him testify, evidently believed his evidence, as they had the right to do, for they returned a verdict in his favor. The court, before whom and in whose hearing he testified, certainly believed and confided in his evidence; for the court refused, upon a proper motion made, to disturb the verdict of the jury, upon the weight or sufficiency of the evidence. In such a case, it is the duty of this court, as we understand our duty, to affirm the judgment of the court below. *Cox* v. *The State*, 49 Ind. 568; *Rudolph* v. *Lane*, 57 Ind. 115; and Buskirk Prac. 237, *et seq.*

The judgment is affirmed, at the appellant's costs.