No. 7798.

STOCKWELL *v.* THOMAS ET AL.

TRESPASS.—*De Bonis Asportatis.*—*Husband and Wife.*— *Wife's Torts.*— *Joint Liability.*—*Pleading.*—Where a husband and wife, and other persons, are sued for the wrongful taking and conversion of plaintiff's money, the wife's separate answer, setting up simply her coverture, in bar of the action, is bad on demurrer thereto for the want of sufficient facts. For, in such a case, the husband and wife are jointly liable for the wife's tort; and the wife's answer of her coverture will be insufficient, on demurrer, in the absence of an allegation that she committed the alleged tort in company with, or by the order of, her husband.

PLEADING.—*Bad Answer not Cured by Reply.*—*Harmless Error.*—In such a case, the wife's answer of her coverture merely is not cured by the plaintiff's reply, that the wife voluntarily, and without the coercion of her husband, committed the alleged tort; and the error of the court, in overruling the demurrer to such bad answer, is not rendered harmless by overruling a demurrer to such reply.

PRACTICE.—*New Trial.*—*Supreme Court.*—Alleged errors of law, occurring at the trial, will not be considered, nor will any question arising thereunder be decided, by the Supreme Court, where it appears that the supposed errors were not assigned as causes for a new trial, in the motion therefor.

SAME.—*Interrogatories to Jury.*—The refusal of the court to require the jury to answer interrogatories, if erroneous, is error of law occurring at the trial, and, as such, must be assigned as cause for a new trial, in the motion therefor; otherwise it will present no question for the decision of the Supreme Court.

SUPREME COURT.—*Weight of Evidence.*—The verdict and judgment below will not be disturbed by the Supreme Court, on the mere weight of the evidence.

From the Dearborn Circuit Court.

*O. B. Liddell,* for appellant.

*W. S. Holman* and *W. S. Holman, Jr.,* for appellees.

HOWK, J.—In this case, the appellant was the plaintiff below, and, in her complaint, she alleged, in substance, that on the 14th day of February, 1877, she was the owner of certain gold and silver coin, of the value of $1,500, its par value being $1,404, said coin being all gold pieces of certain named denominations, except certain silver pieces

amounting in all to six or seven dollars, consisting of all denominations from five cents to one-dollar pieces, and she was not able to give any more definite description of said coin ; that, on said last-named day, the appellant had all said coin in a glass jar, which was hidden and concealed under the floor of a certain dwelling house, which she and her husband had, until said day, used and occupied as such ; that on said day she and her husband removed from said house, leaving all said money so hidden and concealed, but without any intention of abandoning the same ; that afterwards, during said month of February, the defendants below, the appellees, moved into and occupied said dwelling house, and wrongfully and without right took and removed said glass jar and said money from the place where the same were so hidden and concealed, and converted said money to their own use, and refused, though often requested, to return said money or any part thereof to the appellant, to her damage in the sum of $2,000, for which she demanded judgment, etc.

The cause having been put at issue was tried by a jury, and a verdict was returned for the appellees, the defendants below, and over a motion for a new trial judgment was rendered on the verdict.

In this court, the appellant has assigned, as errors, the following decisions of the circuit court, to wit :

1. In overruling her demurrer to the second paragraph of the separate answer of the appellee Elizabeth Thomas ;

2. In overruling the appellant's motion for a new trial ; and,

3. In overruling her motion in arrest of judgment.

These alleged errors we will consider, and dispose of the questions thereby presented, in their enumerated order.

1. In the second paragraph of her separate answer, the appellee Elizabeth Thomas alleged, in substance, that at the time when it was averred that the appellees found and con-

verted the appellant's money to their use, to wit, on the 14th day of February, 1877, she was the lawful wife of her co-appellee, Frederick Thomas, and was such for twenty years preceding that day, and still was his lawful wife; wherefore she prayed judgment that this action as to her might be dismissed and for her costs. We are of the opinion, that the court clearly erred in overruling the appellant's demurrer, for the want of sufficient facts, to this second paragraph of the separate answer of the appellee Elizabeth Thomas. It was alleged in the complaint, that the appellees, Elizabeth Thomas included, had wrongfully and without right converted the appellant's money to their own use. To this cause of action, the coverture of Elizabeth Thomas alone, which is all that is pleaded in the second paragraph of her separate answer, would constitute no defence whatever, in her own behalf or in behalf of her co-appellees. It was not alleged by the appellee Elizabeth Thomas, in the second paragraph of her separate answer, that the wrongful taking and conversion of the appellant's money were committed by her, in company with her husband and co-appellee, Frederick Thomas, or by his order; and, in the absence of such an allegation, the coverture alone of said Elizabeth Thomas was not a good defence in her behalf to the cause of action, stated in appellant's complaint. If the wrongful taking and conversion of appellant's money were committed by Elizabeth Thomas alone, during the coverture, and not in company with nor by the order of her husband, Frederick Thomas, they were jointly liable to the appellant, and were properly joined as defendants in this action. 2 Kent Com., 10th ed., 149; *Ball* v. *Bennett*, 21 Ind. 427. It follows, therefore, that the appellant's demurrer to the second paragraph of the separate answer of Elizabeth Thomas ought to have been sustained by the court.

But, conceding the court's decision in overruling the demurrer to the second paragraph of the separate answer of

Elizabeth Thomas to have been erroneous, it is earnestly insisted by the appellees' counsel, that this error was cured, obviated and rendered harmless, by the subsequent decision of the court in overruling appellees' demurrer to the second paragraph of appellant's reply to said second paragraph of said separate answer. In said second reply, the appellant alleged, in substance, that the said Elizabeth Thomas voluntarily took and carried away, and converted to her own use, the appellant's money as in her complaint set forth, without the coercion of her husband, Frederick Thomas; but that she, in all things, acted freely and of her own will and accord. Wherefore the appellant prayed judgment, as in her complaint prayed for.

The facts alleged in this second reply were, we think, sufficient to have constituted a good reply to the separate answer of the appellee Elizabeth Thomas, setting up her coverture as a defence to the appellant's action, even if such separate answer had stated facts sufficient to constitute a good defence. But, as we have held that said separate answer was bad, on the appellant's demurrer thereto, for the want of facts, it became and was wholly immaterial, as it seems to us, whether the second reply to such separate answer was good or bad, on the demurrer thereto. For a bad reply, as we have often decided, is a sufficient reply to a bad answer. The Ætna Ins. Co., etc., v. Baker, 71 Ind. 102. The appellees' demurrer to the appellant's second reply searched the record, and it ought to have been carried back and sustained by the court to the separate answer of the appellee Elizabeth Thomas, in which the first error occurred.

But it can not be held, we think, that the palpable error of the trial court, in overruling the appellant's demurrer to the second paragraph of the separate answer of the said Elizabeth Thomas, was in any manner cured, obviated or rendered harmless, by the subsequent decision of the court.

in overruling the appellees' demurrer to the second reply of the appellant to such separate answer. As the record is now made up, the error is apparent, and the subsequent ruling of the court, in holding that certain facts, which ought to have been affirmed or negatived in the separate answer, would constitute a good reply to such answer, would by no means cure, remove or render harmless such apparent error. For instance, as the record is now made up, the coverture of Elizabeth Thomas, if proved, would have sustained her separate answer and constituted a bar, in so far as she was concerned, to the appellant's recovery in this action, *unless* the appellant could have shown affirmatively, on her part, that the said Elizabeth Thomas voluntarily took and carried away, and converted to her own use, the appellant's money, acting freely and of her own will and accord, and without any coercion on the part of her husband, Frederick Thomas. Whereas, if the separate answer of said Elizabeth Thomas had stated facts sufficient to make her coverture a good defence to the action, to sustain such defence on the trial it would have been necessary for her to prove on the trial, not only her coverture, but that the wrongful taking and conversion by her of the appellant's money, if committed by her at all, were committed by her in company with and by the order of her husband and co-appellee Frederick Thomas. For the error of the court in overruling appellant's demurrer to the separate answer of Elizabeth Thomas, the judgment below in favor of her and her husband, Frederick Thomas, and against the appellant, must be reversed.

2. Under the alleged error of the court in overruling the appellant's motion for a new trial, the appellant's counsel says, in argument : "The first error we choose to complain of is the admission of three certain tax lists, purporting to have been made by Mary Stockwell." The record shows that, when these tax lists were offered in evidence, the appellant's

objections to their admission were overruled by the court, and her exception was duly saved to this ruling. But, in her motion for a new trial, the appellant did not assign this ruling of the court as a cause for such new trial. The appellant can not, therefore, be heard to complain of the admission of the tax lists in evidence; for there is no rule of practice better settled than this, that this court will not consider any alleged error of law, occurring at the trial, nor decide any question thereby presented, unless it appears that such supposed error of law was assigned as a cause for a new trial, in a motion therefor addressed to the trial court. *Leary* v. *Ebert*, 72 Ind. 418.

The appellant's counsel, in his brief of this cause, next complains of the action of the trial court in refusing to submit to the jury interrogatories numbered 4 and 6, propounded by the appellant. This action of the court, if erroneous, was also an error of law occurring at the trial; and, as such, it was incumbent on the appellant to assign the same as a cause for a new trial in her motion for a new trial. This was not done, however, and, therefore, the error complained of is not properly presented for the consideration of this court.

Finally, the appellant's learned counsel insists that the court erred in overruling the motion for a new trial, "because the verdict of the jury is contrary to the weight of the evidence." It is not claimed by counsel that there is no evidence in the record tending to sustain the verdict of the jury, but we are asked to weigh the evidence, to determine that its preponderance is in favor of the appellee, and, on that ground, to reverse the judgment below. In cases of conflicting evidence, this court can not and will not disturb the verdict of a jury upon the mere weight of the evidence. This has been decided several times by this court, and the reasons for such decisions have been so often given that we deem it unnecessary to repeat them. *Rudolph* v.

*Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; *The Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73. In this case, it seems to us, from the mere reading of the evidence as it appears in the record, that it fully sustains the verdict of the jury. The court did not err, we think, in overruling the appellant's motion for a new trial.

3. The appellant's counsel has not even alluded to the third supposed error, in his brief of this cause. This error, therefore, if it existed, must be regarded as waived.

We have found no error in the record, which would authorize or require the reversal of the judgment below as to the appellees Martin Thomas and Christopher Thomas.

The judgment is affirmed, at the appellant's costs, as to the appellees Martin Thomas and Christopher Thomas; and, as to the appellees Elizabeth Thomas and Frederick Thomas, the judgment is reversed, at their costs, and the cause is remanded with instructions to sustain the demurrer to the second paragraph of the separate answer of said Elizabeth Thomas, and for further proceedings in accordance with this opinion.