No. 8886.

KNOWLTON v. MENDENHALL.

PRACTICE.— *Weight of Evidence.—Supreme Court.*—Where the evidence in the record tends to sustain the finding of the trial court on every mate-rial point, the Supreme Court will not reverse the judgment on the mere weight of the evidence.

From the White Circuit Court.

*R. P. Davidson* and —— *Hays*, for appellant.

HOWK, J.—This suit was commenced by the appellant against the appellee, before a justice of the peace of White county. In her verified complaint, the appellant alleged in substance, that she was the owner, and entitled to the possession, of one cow and one yearling heifer, of the value of fifty-five dollars, of which the appellee had possession without right, and which he unlawfully detained from her; and that the cow and heifer had not been taken by virtue of any execu-tion or other writ against the appellant. Wherefore, etc.

The trial of the cause before the justice resulted in a ver-dict and judgment in favor of the appellant; and the appellee appealed therefrom to the circuit court. There, the cause was tried by the court, and a finding was made for the appellee;

and over the appellant's motion for a new trial, and her exception saved, the court rendered judgment for the appellee upon and in accordance with its finding.

The only error assigned by the appellant is the decision of the circuit court, in overruling her motion for a new trial; and the only causes assigned for such new trial were that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law.

The evidence is in the record by a proper bill of exceptions, and it seems to fairly sustain the finding of the court. The burthen of the issue was on the appellant, and it was necessary that she should show, by a fair preponderance of the evidence, that, at the time of the commencement of this suit, she was the owner, and entitled to the possession, of the cow and heifer described in her complaint. This, we think, she failed to do. Indeed, it seems to us, that the appellant's testimony, as a witness in her own behalf, tended to show that the cow and heifer, prior to the sale thereof to the appellee, were the property of her husband, John Knowlton. On the trial of the cause, the appellant admitted that the sale of the cow and heifer was made by the treasurer of White county to the appellee, for taxes assessed against John Knowlton, her husband, which had been duly assessed against him and continued delinquent for four or five years, and said sale was regularly made, in due form of law, to satisfy said delinquent taxes, and the appellee bought the property in good faith; and that, if John Knowlton was the owner of the property, then the appellee had a right to recover in this action.

It must be said, therefore, that there is evidence in the record tending to sustain the finding of the trial court; and in such a case this court will not disturb the finding on the weight of the evidence. *Rudolph* v. *Lane,* 57 Ind. 115; *Swales* v. *Southard,* 64 Ind. 557; *The Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73.

We find no error in the record.

The judgment is affirmed, at the appellant's costs.