Walker *et al.*, Administrators, *v.* Beggs *et al.*

---

No. 8722.

## WALKER ET AL., ADMINISTRATORS, *v.* BEGGS ET AL.

SUPREME-COURT.—*Practice.—Weight of Evidence.*—The Supreme Court will not disturb the verdict of a jury, or the finding of a trial court, upon the mere weight of the evidence.

SAME.—*Causes for New Trial.—Admission of Evidence.*—Rulings of the trial court in the admission of evidence, complained of as erroneous, must be assigned as causes for a new trial in the motion therefor; if not so assigned, the Supreme Court will not consider them, nor decide any question thereby presented.

From the Franklin Circuit Court.

*F. J. Hall, T. J. Newkirk, L. Sexton* and *C. Cambern,* for appellants. .

HOWK, J.—The Brookville National Bank, as plaintiff, commenced this action against Jane G. Johnston, Rebecca M. Burris, Francis W. Burris, and John Walker and Elizabeth Walker, administrators of the estate of John Walker, Sr., deceased, and John Beggs, as defendants. The suit was brought upon a promissory note, and its endorsements, in substance, as follows:

" $5,000.          BROOKVILLE, IND., February 2d, 1877.

" Ninety days after date we, or either of us, promise to pay to the order of John Walker, at the Brookville National Bank, of Brookville, Indiana, five thousand dollars, value received, without any relief whatever from valuation or appraisement laws, with ten per cent. interest after maturity, and five per cent. attorney's fees. The drawers and endorsers severally

waive presentment for payment, protest, notice of protest and non-payment of this note.

(Signed) "REBECCA M. BURRIS.

"JANE G. JOHNSTON."

Endorsed: "JOHN WALKER.

"JOHN BEGGS."

As between the plaintiff and the defendants, in this action, there was and is no controversy; but the only matters in issue in the circuit court were such as arose upon the respective pleadings of the administrators of John Walker, deceased, and of the appellee John Beggs. It was shown by the record that John Walker, Sr., deceased, was, in his lifetime, the payee and first endorser of the note in suit, and that the appellee Beggs was the second endorser of such note. The appellants, the administrators of John Walker, Sr., deceased, filed what is called their separate answer and cross complaint in this case, wherein they admitted that their decedent endorsed the note in suit, and afterwards, on April 4th, 1877, departed this life, and that on April 20th, 1877, they were appointed the administrators of said decedent's estate; but they alleged that the note in suit was a renewal of an old note given for a debt created on the 27th day of July, 1875; that said debt was kept in existence by giving a new note at intervals of about ninety days from the last-named date, until the note sued upon was executed; that said first note was signed by Rebecca M. Burris and Jane G. Johnston, payable to John Walker and John Beggs, who endorsed said note to the Brookville National Bank, as co-sureties of the makers thereof to the plaintiff, the bank; that the said parties kept said paper renewed in the same way each time, but they averred that the consideration of said note moved wholly to, and was received by, the defendants Rebecca M. Burris and Jane G. Johnston; that no part of the consideration of said note moved to, nor was any part thereof received by, the said John Walker, Sr.; and that said John Walker, Sr., and the appellee John Beggs were co-sureties and co-securities only

for their co-defendants Rebecca M. Burris and Jane G. John-
ston. Wherefore the appellants demanded that the said Re-
becca M. Burris and Jane G. Johnston be first made liable for
the payment of said debt; that the estate of said John Walker,
Sr., and said John Beggs be rendered equally liable as sureties
on said debt, and that judgment be entered accordingly; that
the property of each party should be subjected to the payment
of said debt, in accordance with the aforesaid facts, and for
all other proper relief.

The appellee Beggs answered the appellants' cross com-
plaint by a general denial, and also filed his cross complaint
against the administrators of John Walker, Sr., deceased,
wherein he admitted that the note in suit by the bank was
executed by the defendants Burris and Johnston, to the order
of John Walker, Sr., since deceased, who endorsed the same
to the appellee Beggs, and he, as an accommodation endorser
merely, endorsed the note to the plaintiff, the bank; that at
the time of the execution of the note, and before it was en-
dorsed by the appellee to the plaintiff, the said John Walker
(since deceased), the payee and first endorser of the note, had
and held a mortgage to indemnify him, as such payee and
first endorser of the note, which was a renewal of a former
note that had been renewed from time to time, until all the
former notes were merged in the note in suit; that all the
former notes were executed by the parties to the note sued
on, and their respective liability on all the notes had been the
same as on the note then in suit; that such mortgage of in-
demnity was executed by Jane G. Johnston, one of the mak-
ers of the note, to the payee and first endorser thereof, John
Walker, since deceased; that the mortgage was so executed on
March 20th, 1876, and recorded on April, 6th, 1876, in the
recorder's office of Franklin county, and still remained in
full force; and that the mortgaged property was of the value
of eight thousand dollars; that after the execution of the mort-
gage, and after the execution and endorsement of the note in
suit, on April 4th, 1877, John Walker, the payee and first

endorser of the note, died intestate, and the appellants were the administrators of the decedent's estate; and that none of the proceeds of the note in suit, or of any former note constituting the consideration of the note sued upon, enured to the benefit of the appellee Beggs; that, as the last endorser of the note, the appellee is last liable thereon, and the makers thereof and the estate of John Walker, the payee and first endorser of the note, were first liable thereon; wherefore, etc.

The appellants answered the cross complaint of the appellee Beggs, by a general denial. The issues joined upon the cross complaints were tried by the court, and a finding was made that Jane G. Johnston and Rebecca M. Burris, the makers of the note in suit, were first liable thereon; that the estate of John Walker, the payee and first endorser of the note, then deceased, was next liable thereon; and that the appellee Beggs, as the last endorser of the note, was last liable thereon. Over the appellants' motion for a new trial, and their exception saved, the court rendered judgment in favor of the bank for the amount found due on the note in suit, and, in accordance with its finding upon the said cross complaints, declared the order in which the several judgment defendants should be liable for its payment.

The only error assigned by the appellants is the decision of the circuit court, in overruling their motion for a new trial. In this motion, the only causes assigned for such new trial were, that the finding of the court, upon the issues joined on the several cross complaints, was not sustained by sufficient evidence, and that it was contrary to law.

It will be seen, therefore, that the only question presented for decision, by the record of this cause and the error assigned thereon, is this: Is the finding of the trial court, upon the matters in issue between the appellants and the appellee John Beggs, sustained by sufficient legal evidence? This question has been elaborately discussed by the appellants' counsel; while the appellee Beggs has failed to furnish this court with any brief or argument, in support of the de-

·cision of the circuit court. There is evidence in the record, which fairly tends to sustain the finding of the court upon the questions in issue. Indeed, the finding of the court, in relation to the order in which the parties to the note were liable thereon, is sustained *prima facie* by the note itself and its endorsements. This court will not weigh evidence, nor attempt to determine its preponderance. But the rule may be regarded as settled that this court will not disturb the verdict of a jury, or the finding of the trial court, when, as in this case, the evidence fairly tends to sustain the same on every material point. *Rudolph* v. *Lane,* 57 Ind. 115; *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73; *Stockwell* v. *Thomas,* 76 Ind. 506.

The appellants' counsel complain, in argument, of the rulings of the trial court in the admission of evidence alleged to be incompetent. These rulings, however, were not assigned as causes for a new trial, in the appellants' motion therefor. It is well settled that unless such rulings are assigned as causes for a new trial, in the motion therefor, this court will not consider them, nor decide any question thereby presented. *Leary* v. *Ebert,* 72 Ind. 418; *Stockwell* v. *Thomas, supra.*

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Opinion filed at the November term, 1881.
Petition for a rehearing overruled at the May term, 1882.