No. 9871.

## CARMICHAEL ET UX. *v.* COX.

SUPREME COURT.—*New Trial.—Weight of Evidence.*—The doctrine is of universal application that the Supreme Court will not disturb a verdict or finding on the evidence, if there be parol evidence tending to support it.

From the Marion Circuit Court.

*L. M. Campbell,* for appellants.

*L. Ritter, E. F. Ritter* and *B. W. Ritter,* for appellee.

BICKNELL, C. C.—This was a suit to recover the possession of land and damages for its detention.

The complaint is in two paragraphs; the first is in the statutory form, alleging that the plaintiff Rebecca is the owner of the land.

The second states the particulars of said Rebecca's title, and the particulars of the defendant's alleged wrongful possession, and avers that the defendant, before suit brought, was duly notified in writing on the 4th day of November, 1874, to surrender and deliver up the possession of said land on the 7th day of March, 1875, and that he refused so to do, claiming to be himself the owner of the land. This paragraph demands a decree that the plaintiff Rebecca is the owner of the land in fee simple and entitled to the possession thereof, and that defendant has no interest therein, and that plaintiff may have judgment for possession, quieting of title and general relief.

The defendant answered in two paragraphs:

1st. The general denial.

2d. That in 1849 Harmon Cox owned the land and agreed to convey it to defendant for $50, which the defendant paid; that said Harmon put defendant in possession and had the land transferred to defendant on the tax books; that defendant has been in possession ever since, claiming title, and has made valuable improvements thereon and paid all the taxes; that his claim of title was made with the knowledge and consent of said Harmon, and that said Rebecca took her conveyance of one-half of said land with knowledge of defendant's said title.

The defendant also filed a cross complaint, alleging the same facts set up in the said second paragraph of answer, claiming adverse possession for more than twenty years before suit brought, and praying that his title be quieted as against plaintiff's claim, and for all proper relief.

The plaintiff replied in denial of the second paragraph of answer, and answered in denial of the cross complaint.

The court tried the issues, and at plaintiff's request made

a special finding of the facts and stated conclusions of law thereon as follows:

"That previous to the ——— day of March, 1849, Harmon Cox was the owner of the land described in the complaint; that on said date he put the defendant Ezra H. Cox, his son, in possession of said land under an agreement that, if Ezra would pay him $50, he should have the land as an advancement, and that he would deed the same to him, said Ezra; that afterwards said Ezra paid him said $50, and has held possession of said land, claiming the same as his own, continuously from said date until the present time, and has paid the taxes and made lasting and valuable improvements thereon, and has exercised exclusive control thereof; that said Harmon never made the deed to said Ezra as he agreed to do; that on the 1st day of April, 1872, and while said Ezra H. Cox was in possession of and claiming ownership of the land, said Harmon Cox conveyed the land in dispute to the plaintiff Rebecca Carmichael by warranty deed, in consideration of natural love and affection and as an advancement from his estate, she being a granddaughter of said Harmon Cox; that the plaintiffs commenced suit for the possession of this property on the 2d day of December, 1872, and on the 11th day of December, 1874, dismissed said suit and commenced this action on the 22d day of May, 1875.

"From these facts the court finds as conclusions of law, that the plaintiffs have no vested title to the real estate in controversy, and are not entitled to recover in this action. The court, therefore, finds for the defendant Ezra H. Cox, and that he is the owner of the land described in the complaint, to wit," etc., "and should have his title thereto quieted."

The plaintiffs moved for a new trial and filed the following reasons therefor:

1. Because the decision of the court is not sustained by sufficient evidence.

2. Because the decision and judgment of the court is contrary to law.

This motion was overruled, and judgment was rendered against the plaintiffs for costs and quieting the defendant's title. The plaintiffs appealed. The only error assigned is overruling the motion for a new trial.

The counsel for appellants says in his brief: "Counsel is well aware of numerous decisions of this court to the effect that where there is any legal evidence which tends to support the finding or verdict in the trial court, the judgment will not be reversed," etc., and he also says that, "as there is no question of veracity or impeachment, and no reason why this court can not as well and fully weigh and determine the evidence as the circuit court, it is respectfully maintained that the rule in the class of cases above referred to does not apply." The rule, to which counsel thus refers, is a rule of universal application, where there is parol testimony tending to support the finding, and we can not make this case an exception to it.

We have examined the testimony; there was evidence tending to support the finding of the trial court in every material point. There was no error in overruling the motion for a new trial. The judgment of the court below ought to be affirmed. *Knowlton* v. *Mendenhall*, 79 Ind. 422.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.