Bunnell *v.* Studebaker *et al.*

No. 9440.

## BUNNELL *v.* STUDEBAKER ET AL.

EVIDENCE.—*Declarations.—Res Gestæ.—Ownership.*—Suit against S. and H. for the conversion of property. H. made default; the defence of S. was that he had borrowed the property of H. and returned it to him without. knowledge of the plaintiff's claim of ownership.

*Held,* that the statements of H., while in possession as owner, made in the· absence of the plaintiff, that he owned the property, and showing the· circumstances under which and why S. obtained it from him, were proper evidence.

SUPREME COURT.—*Evidence.— Harmless Error.*—The exclusion of proper· evidence, which could not have changed the result, is a harmless error and will not reverse.

WITNESS. — *Competency. — Fraud.— Sale.— Conspiracy.— Evidence.—* Where· there is evidence of a conspiracy to defraud a third person by the sale of a chattel, the vendor is a competent witness to impeach the title of his. vendee. .

BILL OF EXCEPTIONS.—*Costs.—Practice.*—Where a motion to tax costs is. not brought into the record by bill. of exceptions, no question thereon. can be made in the Supreme Court.

From the Cass Circuit Court. .

*M. Winfield* and *Q. A. Myers,* for appellant.

*S. T. McConnell* and *R. Magee,* for appellees.

BICKNELL, C. C.—This was an action by the appellant against the appellees to recover damages for unlawfully taking and converting to their own use the plaintiff's sorrel mare.. The defendant Hodge was defaulted. Studebaker answered by a general denial. The plaintiff claimed the mare by pur-

Bunnell *v.* Studebaker *et al.*

chase from Holdridge, to whom it was alleged that Hodge had sold her.

The defence was substantially that Studebaker found Hodge in possession of the mare, claiming to be her owner; that he borrowed the mare from Hodge to ride home, and returned her to him before suit brought, without having any knowledge of plaintiff's claim. The case was tried by jury four times; at the second of these trials the jury disagreed; in all the others damages were assessed against Hodge, with a verdict for the defendant Studebaker. Judgment was rendered for Studebaker at the last of these trials, over a motion for a new trial by the plaintiff, and the plaintiff appealed. The errors assigned are: Overruling the motion for a new trial, and overruling plaintiff's motion to tax certain costs against the defendants, and to strike out part of the costs.

The first four reasons for a new trial are that the verdict is not sustained by and is contrary to the evidence and the law. But there was evidence tending to sustain the verdict; a mere conflict in the testimony will not warrant a new trial. *Walker* v. *Beggs*, 82 Ind. 45.

The fifth, sixth, eighth, ninth and tenth reasons for a new trial allege error of the court in permitting the defendant Studebaker to prove the declarations of Hodge, while in possession, as to the ownership of the mare, and in reference to the matters in controversy, said declarations having been made in the absence of the plaintiff, and after the date of the alleged sale of the mare by Hodge to Holdridge. These reasons are considered together by the appellant in his brief, and may be so considered here.

Hodge was defaulted; he was no longer defending. The effort of the plaintiff was to show a corrupt combination between Hodge and Studebaker to put the mare out of the reach of the plaintiff, who claimed the mare as owner. The nature of Studebaker's defence has been already stated. Hodge was a competent witness for him to prove his entire defence, and the declarations of Hodge, made while he was in possession

of the mare, were competent.    The possession and use of the mare by Hodge in cultivating the farm were *prima facie* evidence of ownership at that time, and the declarations of a party in possession that he holds as owner are competent evidence as part of the *res gestæ*, and the conversations between Hodge and Studebaker as to the ownership of the mare, and showing the circumstances under which Studebaker took the mare and the purpose for which he took her, were competent to be proved by anybody who heard them during the continuous possession of the mare by Hodge as owner.    There was evidence that Studebaker did not know that any one other than Hodge was claiming the mare when he borrowed her, and that he returned the mare to Hodge, and there was no evidence that Studebaker was in possession of the mare when the suit was commenced.    There was evidence tending to show that the alleged sale of the mare to Holdridge was a sham sale to defraud Hodge's wife;  Hodge seems to have continued in possession of the mare.    Even if the jury came to the conclusion that the plaintiff really owned the mare, it does not appear that he sustained any damage by Studebaker riding the mare home and returning her to Hodge before suit brought. We think there was no error in admitting the declarations under consideration.

As to the seventh reason for a new trial, even if the declarations of Hodge, offered to be proved by Hodge's former wife, were admissible against Studebaker, the exclusion thereof was a harmless error.    The admission of them could not have changed the result of the trial.

The eleventh reason for a new trial was that Studebaker was permitted to prove by Hodge that there was no valid sale to Holdridge.    Ordinarily, a man is not permitted to impeach the title of his vendee, but there is an exception to that where there is evidence of a conspiracy or combination to defraud a third person.    *Kennedy* v. *Divine,* 77 Ind. 490.    There was no error in overruling the motion for a new trial.

The second error assigned, to wit, overruling a motion to

tax certain costs to the defendant, etc., presents no question for consideration, because the motion is not made part of the record by bill of exceptions. *Jamieson* v. *Board, etc.,* 56 Ind. 466. There is no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.