Richardson v. Schultz.

No. 11,124.

RICHARDSON v. SCHULTZ.

MARRIED WOMAN.—*Sheriff's Sale.*—*Wife's Inchoate Interest in Husband's Lands Protected Against Conveyance in Secret Trust.*—R. and S., being sureties of T., whose real estate had been sold by the sheriff for about half its value to satisfy another debt, took a deed of the land from T. and an assignment of the certificate, and afterwards a sheriff's deed, both deeds to R. in trust for himself and S., each paying half the sum necessary to buy the certificate. The same land was afterward sold on execution to satisfy the debt for which they were sureties, and title passed to a stranger by virtue of this sale. The wife of R. then claimed a third of the land as wife, under section 2508, R. S. 1881, and by suit against the last purchaser had it set off to her by partition. She had no notice of the trust.

*Held,* that she took as a purchaser for value without notice, free from the trust, by virtue of section 2970, and not by descent, and could maintain ejectment against S.

From the Cass Circuit Court.

*S. T. McConnell* and *T. J. Tuley,* for appellant.

*F. Swigart, D. D. Dykeman* and *M. Winfield,* for appellee.

BICKNELL, C. C.—This was an action of ejectment by the appellant against the appellee for the north one-third of the south half of lot No. 18, in the original plat of Logansport.

The complaint was in the ordinary form, demanding possession and $1,200 damages. The answer was the general denial. The issue was tried by the court, who found for the defendant.

The plaintiff appealed; she assigns as error the overruling of her motion for a new trial. There were several reasons alleged for a new trial, but the appellant in her brief discusses only the sufficiency of the evidence. She claims that the evidence is not sufficient to establish a trust in her husband, and that if a trust were established, she, as a wife, takes one-third of the property held by her husband, as a purchaser for value, and therefore, under the statute, R. S. 1881, section 2970, is not affected by any trust of which she had no notice, and that the evidence fails to show that she had any notice of the trust alleged by the appellee.

The appellant claims title as follows: Harriman bought the aforesaid south half of lot No. 18, at a sheriff's sale on execution; it had been the property of the execution defendant, Mrs. Taylor. Harriman took from the sheriff a certificate of purchase and assigned the same to Allen Richardson, the appellant's husband; the property was not redeemed and after the expiration of the year of redemption, Richardson received a deed from the sheriff. Afterwards, the People's Bank of Logansport, recovered against Richardson and Schultz the appellee, a judgment on a promissory note. Upon an execution issued on this judgment the said south half of lot No. 18 was sold as the property of Allen Richardson, and in 1876 was bought in by the president of said bank for the bank. At the time of that sale, and for twenty years before, the appellant was and still is the wife of said Richardson, and as such she claims that, upon the sale, one-third of said lot 18 became vested in her in fee simple under the statute, section 2508, R. S. 1881.

The People's Bank failed and a receiver thereof was appointed, and to him in December, 1877, the sheriff's deed was made under said sale to the bank president.

In March, 1878, the appellant brought an action against said receiver for partition, and to her the north third of said lot 18, being the property now demanded, was set off and finally adjudged in March, 1881.

During the pendency of that suit, the said receiver, by separate deeds, sold one-half of said property to Rodney Strain and the other half to George Rathfon, of whom the latter, by quitclaim deed, conveyed to the former all his interest.

When Harriman assigned his certificate to Richardson, Schultz was in possession as tenant of the judgment debtor, who was the owner, and Schultz has retained possession ever since.

The appellee does not deny the record title of the appellant's husband, but claims that the appellant can not recover because, he says, that Richardson took the assignment of

Harriman's certificate in trust for himself and appellee, pursuant to an agreement which was afterward fully executed, so that the trust was completely performed, and that in such a case the wife of the trustee takes no interest where the lands are judicially sold on execution against the trustee, and such judicial sale is made in compliance with the terms of the agreement by which the trust was created.

The appellant claims that no trust was proven, because she says, that in order to establish a parol trust the evidence must be clear and convincing, and that it must be shown that the purchase-money was paid by the alleged *cestui que trust*, and paid at the time of the purchase or execution of the conveyance, or paid afterwards in pursuance of an agreement made at or before the time of the conveyance, and that where part of the purchase-money is alleged to have been paid, it must be some *definite* part thereof so as to show the extent of the trust. The appellant claims that in all these particulars the evidence is insufficient, and she refers to the old rule of equity requiring, in certain cases, two witnesses, or one witness and corroborating circumstances, as indicating the high degree of certainty necessary in the evidence by which a parol resulting trust in lands is established. But under the code, so far as the proof is concerned, cases, formerly of equitable jurisdiction and governed by equitable rules and forms, stand, in general, upon the same footing as common law cases, and the well established rule of this court that upon disputed questions of fact, a verdict or a finding will not be set aside where there is evidence tending to support it in every materal point, is of universal application. *Carmichael* v. *Cox*, 85 Ind. 151; *Berndt* v. *Reitz*, 85 Ind. 602. Upon the question, therefore, was there here a parol resulting trust, the only inquiry is, did the evidence tend to support the finding of the court thereon?

There was evidence tending to show that Harriman had a judgment against Mrs. Taylor for about $3,700, and that this judgment was a lien on the south half of lot 18, estimated

to be worth about $7,000; that Mrs. Taylor owed the People's Bank $5,000, for which Allen Richardson and the appellee, Schultz, were her sureties; that Mrs. Taylor was insolvent, and that the bank was urging Richardson and Schultz for payment; that Harriman had the south half of lot 18 sold on his judgment, and bought it in, and that Mrs. Taylor was not able to redeem it; that a proposition was then made by Stanley, the president of the People's Bank, to Richardson and Schultz, that in order to protect themselves and secure the bank, they should buy Harriman's certificate of purchase, and take a deed for the property, and that then Stanley, as president of the bank, would bring suit against Mrs. Taylor and Richardson and Schultz, on the debt for $5,000 due the bank, and would obtain judgment and issue execution and sell said south half of lot 18, and buy it in for the amount of the bank debt, and if more could be realized, Richardson and Schultz should have the benefit thereof.

There was evidence tending to show that this proposition was agreed to, and that Richardson and Schultz made a joint purchase of Harriman's certificate and paid for it jointly, and that the agreement was that Richardson should take the certificate and deed in his own name, and that Schultz should have time to repay him his advances for the purchase-money, and that he did repay him; that the deed was so taken in Richardson's name and was applied in payment of the debt to the bank, for which Richardson and Schultz were jointly liable, in accordance with the original proposition made by Stanley to Richardson and Schultz and accepted by them. The evidence tended to show that Richardson and Schultz were equally interested in the land purchased, and received equal benefits by the performance of the trust. We think the evidence tended to sustain the finding of the court that the south half of lot No. 18 was held by Richardson in trust for himself and Schultz, and, as between himself and Schultz, no action of his could be permitted in a court of equity to defeat such a trust. *Tracy* v. *Kelley*, 52 Ind. 535.

But the appellant was and still is Richardson's wife. Section 2491, R. S. 1881, which is section 27 of the law of descents in the code of 1852, provides that "A surviving wife is entitled, except as in section 17" (section 2483) "excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death: *Provided*," etc.; the proviso is not material here.

The act of 1875, R. S. 1881, section 2508, provides that in all cases of judicial sales of land in which a married woman has an inchoate interest by virtue of her marriage, and such inchoate interest is not to be sold or barred by such sale, then such interest shall become absolute and vest in the wife in the same manner and to the extent as it would upon her husband's death, etc.; and that upon such vesting the wife shall be entitled to possession and may have partition, etc.

The evidence shows that, under these statutes, the appellant had obtained a decree in partition awarding to her the north thirty feet of said south half of lot 18, as her one-third thereof. The present action is brought to recover that one-third.

But the appellee says in his brief, that she has no title and never had, and that sections 2491 and 2508, *supra*, do not apply to her case, because her husband had no title "for any other purpose than that for which it was intended to be applied at the time the contract was made." He says: "Her husband did not own the legal title to the property in question; that he was only the conduit through which the title should pass from Mrs. Taylor to the People's Bank to discharge her debt to the bank." But unquestionably, when Richardson, by virtue of the certificate obtained from Harriman, received the sheriff's deed for the property, he had the legal title to it; as between him and Schultz and Stanley

there was a secret resulting trust, arising upon the agreement and other circumstances hereinbefore referred to, but as to everybody else, except those who had notice of the trust, he had the legal title, and it was his legal title which was bought by the bank and conveyed by the bank's receiver to Strain and Rathfon as aforesaid.

It was held in *Alexander* v. *Herbert*, 60 Ind. 184, that where the title never was perfected in the husband, as where he had a deed, but failed to record it, and then surrendered that deed to his grantor, and procured him to convey the land to a *bona fide* purchaser without notice, and then died, his widow took nothing under section 27, *supra*, as to that land. But in the present case the legal title was perfected in Richardson. He having the legal title to the land, it follows that under the statutes above cited only two-thirds of the land were sold. *Taylor* v. *Stockwell*, 66 Ind. 505. The remaining one-third was vested in the appellant unless the trust prevented such vesting.

Section 2970, R. S. 1881, provides that no trust in lands, whether implied or created, " shall defeat the title of the purchaser for a valuable consideration and without notice of the trust."

A married woman is regarded as a purchaser for a valuable consideration of all property which accrues to her as a purchaser by the marriage. *Magniac* v. *Thomson*, 7 Peters, 348; 4 Kent Com. 463; *Derry* v. *Derry*, 74 Ind. 560.

Under our statutes, where a husband dies seized of the land, and his widow takes under section 2483, R. S. 1881, which is the same as section 17 of the statute of descents of 1852, she takes by descent. *Fletcher* v. *Holmes*, 32 Ind. 497. But where the lands have been conveyed by the husband, and the woman claims under section 2491, which is the same as section 27 of the statute of descents of 1852, she takes as purchaser, and not as heir. *May* v. *Fletcher*, 40 Ind. 575; *Bowen* v. *Preston*, 48 Ind. 367; *Derry* v. *Derry*, *supra*. In the present case, there having been a judicial sale under an execution

Richardson v. Schultz.

against Richardson, the appellant's claim is by virtue of sections 2491 and 2508, *supra*, and she is undoubtedly a purchaser for a valuable consideration.

She being a purchaser for value, and it not being shown that she had notice of the trust, the evidence was not sufficient to warrant the finding for the defendant. The court, therefore, erred in overruling the motion for a new trial.

The judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, at the costs of the appellee, and this cause is remanded for a new trial.

Filed May 29, 1884.

## ON PETITION FOR A REHEARING.

BICKNELL, C. C.—Titles to land are acquired by descent or by purchase, and in no other way.

A widow takes by descent when her husband died seized; if he was seized during the coverture, but did not die seized, she takes by purchase. *May* v. *Fletcher*, 40 Ind. 575; *Bowen* v. *Preston*, 48 Ind. 367. And she is a purchaser for a valuable consideration. Marriage is not only a valuable consideration; it is the highest consideration known to the law. See upon this point, in addition to the authorities cited in the principal opinion, Bishop Married Women, sections 775–6; *Sterry* v. *Arden*, 1 Johns. Ch. 261, 271; *Smith* v. *Allen*, 5 Allen, 454.

A purchaser for a valuable consideration, without notice of a secret trust, is not bound thereby. R. S. 1881, section 2970. A wife's inchoate interest in her husband's lands becomes absolute on a judicial sale thereof, the same as if he had died on the day of sale. R. S. 1881, sec. 2508; *Elliott* v. *Cale*, 80 Ind. 285. The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition is overruled.

Filed Dec. 17, 1884.