## Traylor, Guardian, v. Hollis.

[No. 7,030. Filed April 22, 1910.]

1. Trusts.— *Certificates of Deposit.*— *Trustees.*— A certificate of deposit given by a person to his wife to be delivered, at his death, to the beneficiary, constitutes a trust fund in favor of such beneficiary. p. 682.

2. Evidence.—*Declarations.*—*Trustees.*—Declarations of a wife as to how she came into possession of, and the purpose for which she holds, a certain certificate of deposit given to her by her husband, to be delivered at his death, to a third person, are admissible in determining the real beneficiary. p. 682.

3. Evidence.— *Declarations of Nominal Purchaser.*— *Resulting Trusts.*—Declarations of a nominal purchaser, while he holds the title to the lands in controversy, are admissible to establish a resulting trust in favor of third persons. p. 682.

4. Evidence.—*Declarations of Trustee After Expiration of Trust.*— Declarations of a trustee, after parting with the possession of the subject-matter of the trust, are not admissible to show the rightful beneficiary. p. 683.

From Pike Circuit Court; *E. A. Ely*, Judge.

Action by Alexander C. Hollis against Albert H. Traylor, as guardian of James E. Hollis and others. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Bomar Traylor, Sidney B. Hatfield, James A. Hemenway, Frank H. Hatfield* and *William S. Hatfield*, for appellant.

*Ely & Greene*, for appellee.

Rabb, J.—Appellant was on November 1, 1906, duly appointed guardian of James E., John E., and Orville O. Hollis, minors. His wards were the grandchildren of John Traylor, deceased, who was the uncle of appellant. John Traylor was possessed of considerable wealth, and all the property and estate of appellant's wards came through him. By will he devised certain lands to his said wards, and named them, among others, as his residuary legatees, and in his will requested appellant to become their guardian. Said testator died on October 16, 1906. Sometime prior to his death he placed in

the hands of Martha Traylor, his wife, a certain certificate of deposit for $500, issued in his favor by a bank in Dubois county. This certificate of deposit was so delivered by him to Martha Traylor, in trust, to be delivered by her, after his death, to appellant, but whether it was to be so delivered for the use and benefit of his wards or for his own use and benefit is the controverted question in this case.

After the death of said John Traylor, said Martha Traylor delivered the certificate of deposit in question to appellant, since which time, and before the trial of this cause, she died. Appellant failed to make any inventory or account of the certificate of deposit as guardian of his wards, and this proceeding was brought to remove him from his trust, for failing to return a proper inventory of the property, and to compel him to account for the certificate of deposit.

Issues were formed and a trial was had resulting in a finding and judgment against appellant removing him from his trust as such guardian, and entering judgment against him for the amount due on said certificate of deposit.

Upon the trial of this cause, the court permitted appellee, over the objection and exception of appellant, to prove declarations and statements made by Martha Traylor while she was yet in the possession of the certificate of deposit, and before she had executed her trust by delivering it to appellant, with reference to the manner in which she came into possession of said certificate, and the purpose for which she held it, and over the objection and exception of appellant, on motion of appellee, the court struck out of the evidence proof of certain declarations and statements made by said Martha Traylor with reference to the same subject, after she had executed her said trust by delivering the possession of the certificate to appellant, and the only questions presented upon this appeal involves these rulings of the court upon the admission and rejection of this evidence.

Appellant insists that the statements made by Martha Traylor regarding the certificate of deposit are incompetent,

as being hearsay evidence; that such statements are not binding upon appellant, nor admissible against him, because they were not made in his presence, nor were they made by Martha Traylor in connection with the performance of any act or duty of her agency or trust, and that the transaction, as disclosed by the evidence, was a gift *causa mortis* or nothing, and that if it was a gift *causa mortis* appellant was the donee; if it was not a gift *causa mortis,* then it was not effective as a gift at all. This latter contention cannot be sustained.

It is unquestioned that John Traylor created a trust, the subject-matter of which was the certificate of deposit, the trustee, his wife, Martha Traylor, and whether appellee or appellant was the *cestui que trust* is a matter that is immaterial. The gift would be equally effective either way. If the certificate was to be delivered by Martha Traylor to appellant as guardian of his wards, they, and not appellant, were the *cestuis que trust.* The disputed question is, Who were in fact the *cestuis que trust?* We think, under the authorities, it is perfectly clear that the declarations of the trustee, made by her with reference to the manner in which she came into possession of the certificate of deposit, and the purpose for which she held it, were entirely competent. It is well settled that declarations and statements made by the nominal purchaser of land, while the title still remains in him, are competent to establish a resulting trust in favor of third persons. *Baker* v. *Leathers* (1852), 3 Ind. 558; *Tilford* v. *Torrey & Lockwood* (1875), 53 Ala. 120; 13 Ency. Ev., 141, and cases cited.

There is no reason why the same rule should not extend to a trustee in possession of personal property, as explanatory of the nature of his possession and of the trust under which he holds the property.

In the case of *Abney* v. *Kingsland & Co.* (1846), 10 Ala. 355, 44 Am. Dec. 491, it is said: ''It has been often held,

that what a person in the possession of real or personal estate says in respect to the same is admissible as part of the *res gestæ.* And in *McBride* v. *Thompson* [1845], 8 Ala. 650, we said: * * * 'The affirmation of the party in posession, that he held in his own right, or under another, is proper evidence as part of the *res gestae,* which *res gestae* is his continuous possession.' '' These statements of the supreme court of Alabama have met with the approval of the courts of this State. *Tedrowe* v. *Esher* (1877), 56 Ind. 443; *Bunnell* v. *Studebaker* (1882), 88 Ind. 338; *Kuhns* v. *Gates* (1883), 92 Ind. 66; *McConnell* v. *Hannah* (1884), 96 Ind. 102; *Burr* v. *Smith* (1899), 152 Ind. 469; *Tyres* v. *Kennedy* (1891), 126 Ind. 523; *Gaar, Scott & Co.* v. *Shaffer* (1894), 139 Ind. 191; *Ronsdel* v. *Moore* (1899), 153 Ind. 393, 53 L. R. A. 753; *Stanley's Estate* v. *Pence* (1903), 160 Ind. 636.

It is equally clear, so far as the trustee was concerned, that statements made by her after the trust had been executed, and she had parted with the possession of the subject-matter of the trust, were incompetent. *Phillips* v. *South Park Commissioners* (1887), 119 Ill. 627, 10 N. E. 230, and cases cited; *Tilford* v. *Torrey & Lockwood, supra.*

No error intervened in the ruling of the court complained of with reference to the admission or the rejection of this evidence. Judgment of the court below affirmed.