## SCHOFIELD _v._ HOLLAND.

PROMISSORY NOTE.—_Fraud in Consideration.—Answer._—To an action on a promissory note the defendant answered, that he had purchased a farm, in the year 1858, from the plaintiff, and had executed his note for eight thousand dollars, payable in twenty years, with interest yearly, receiving a title bond; that finding he had been deceived in the quality of the land and was unable to pay the interest in full, the plaintiff promised him that if he would make certain improvements thereon, greatly enhancing the value of the farm, on final settlement he should be allowed a deduction on the contract price; that in 1868, the plaintiff informed him that he could sell the farm for seven thousand five hundred dollars, which was all he could realize for it, and if the defendant would execute his four notes, payable yearly, for one hundred and twenty-five dollars each, and surrender the title bond, he, the plaintiff, would remit the interest due, some one thousand two hundred and sixty dollars, and return the note for eight thousand dollars; that relying on the statement that seven thousand five hundred dollars was all the plaintiff could realize for the land, he did execute the four notes, one of which is the note in suit, and surrendered his title bond for the land, and received the credit for the interest, and also his note for eight thousand dollars, and he says that when the plaintiff made the false and fraudulent statements on which he, defendant, acted in making the surrender of his bond, the plaintiff had already, without his knowledge, contracted the sale of the land for fourteen thousand five hundred dollars, and has since conveyed the same and received the money, wherefore he asks the cancellation of the four notes, and damages.

_Held_, that this was a good defence to the action on the notes.

APPEAL from the Franklin Common Pleas.

BUSKIRK, J.—The appellee sued the appellant on a promissory note. The appellant answered in two paragraphs. The first was the general denial. The second was as follows:

"The defendant, for a further answer, says that heretofore, to wit, on the 11th day of February, 1858, the defendant purchased of the plaintiff the south half of section thirty-two, and the south half of the north-west quarter of section thirty-two, town thirteen, range twelve, in Fayette county, Indiana, for and in consideration of the sum of eight thousand dollars, payable within twenty years, with interest from date, and at the same time the plaintiff executed to said defendant his bond for a good and sufficient deed, in fee simple, at the expiration of twenty years, the interest on the said note payable annually; that the defendant took the posses-

Schofield *v.* Holland.

sion of the said land, under the said purchase, but soon after found that he was greatly deceived as to its value and productiveness, and that he would be unable to pay said sum and said interest, and so informed the plaintiff; whereupon, the plaintiff promised and agreed with the defendant that if he would improve the said farm by clearing off and preparing for cultivation a large tract of timber land, fixing up the fences, improving the buildings, and improve the soil then in cultivation by clearing and grassing the same, and thus enhance the value of the farm, the said plaintiff would make it all right with him in the end by reducing the amount of the purchase and making the terms more easy. The defendant, relying on these promises, cleared off and put in cultivation over one hundred acres, at a large expense, and made the fences and buildings all good, and greatly improved and enhanced the value of the said farm at great expense to him, and from year to year paid the said plaintiff all that he could realize out of the products of the said farm, over a bare living; that about the month of March, 1867, the plaintiff and defendant had a settlement, when it was ascertained that the defendant had paid the plaintiff about three thousand one hundred dollars, and that there was still due a balance of about one thousand two hundred and sixty dollars on the interest, for which amount the plaintiff required the defendant to give his three notes for four hundred and twenty dollars each, payable in one, two, and three years, at the same time renewing his promise that if he, the defendant, would do so, he, the plaintiff, would make it all right by reducing the amount of the original purchase, and that if he, the defendant, would continue to improve the said farm, he, the plaintiff, would aid in the sale of it, and in the end make a deduction of the interest in consideration that the defendant had originally agreed to pay entirely too much for the land.

"He says that he continued as before to cultivate and improve the land with a view to enhance the value of it, until about the 27th day of May, 1868, when the plaintiff came

to him and told him that he had an opportunity of selling the farm at seven thousand five hundred dollars, which was all that he could get for the same; that the purchaser was James Cook, and that he believed that the defendant had better authorize or allow him to sell it at that sum; that it was all he could get for it, and at the same time the plaintiff proposed to surrender to the defendant the one thousand two hundred and sixty dollars interest notes, given as aforesaid, in consideration of the improvements put upon the same by the said defendant, as aforesaid; and that if the defendant would give his notes to the plaintiff for five hundred dollars in four equal annual payments of one hundred and twenty-five dollars each, which, together with the seven thousand five hundred dollars which he could sell the farm for, would make eight thousand dollars, the amount of the original purchase, he, the plaintiff, would surrender to him, the defendant, the eight thousand dollar note, and the defendant to surrender to him, the plaintiff, the title bond aforesaid, and the purchaser was to have one-third of the crops then growing and on the place.   The defendant, relying upon the truth of the plaintiff's statements, that he could sell the farm for only seven thousand five hundred dollars, and that said sum was the very best and highest price that he could realize from said purchase for it, and knowing that he was largely indebted to the plaintiff, and unless he consented to the said sale, that plaintiff would force him to pay all of said indebtedness, consented to sell said land to the said purchaser, and authorized the said plaintiff to sell the same, with the distinct understanding that seven thousand five hundred dollars was all that could be realized and that the plaintiff was realizing in the sale of the said farm, and that he, the defendant, was to have and was getting the benefit of all that the farm sold for.

"He further avers that relying upon the representations of the said plaintiff as aforesaid, he then and there gave to the plaintiff the four notes for five hundred dollars, to wit, the note sued on, and one for one hundred and twenty-five

Schofield *v.* Holland.

dollars, due May 27th, 1870, and one for one hundred and twenty-five dollars, due May 27th, 1871, and one for one hundred and twenty-five dollars, due May 27th, 1872; and at the same time, the plaintiff delivered up to him the interest notes as aforesaid, amounting to one thousand two hundred and· sixty dollars, in consideration of the improvement and expenditures put upon the said farm as aforesaid, and the plaintiff surrendered to the defendant the eight thousand dollar note originally given for the farm, and the defendant surrendered to the plaintiff the title bond originally given to the defendant, all in consideration of the truth of the statements of said plaintiff as aforesaid.

"The defendant avers and charges that the said plaintiff had then, and at the time of said statements, either contracted, or had the promise and assurance of a contract, for the sale of the said farm at fourteen thousand five hundred dollars, and the plaintiff realized, in the sale of the said farm, said sum, and executed his deed therefor to the said James Cook, for and in consideration of the said sum of fourteen thousand five hundred dollars; and that the plaintiff knew, at the time he made said statements, that he was to realize for the said farm the sum of fourteen thousand five hundred dollars, and that he (the plaintiff) concealed from the defendant the real and full consideration that he was to get for said farm, in order to procure from the defendant the notes aforesaid, and the title bond as aforesaid, for the purpose of defrauding the defendant in the sale of the said farm, and in the procuring of the said notes.

"Whereby and by reason of the premises, the defendant avers that the said notes, including the note sued on, and the three notes due May 27th, 1870, 1871, and 1872, are without consideration and void, and the defendant is damaged in the sum of six thousand five hundred dollars, being the amount realized by the plaintiff in the sale of the said farm over the eight thousand dollar note, for which he claims judgment; and he further prays that said notes be

declared and decreed null and void, and for all other relief."

The appellee demurred to the second paragraph of the answer, upon the ground that it did not contain facts sufficient to constitute a defence. The court sustained the demurrer, and the appellant withdrew the general denial, and refused to plead further, and the court rendered judgment for the plaintiff, and the appellant excepted to the ruling of the court in sustaining the demurrer to the second paragraph of the answer.

The only error assigned is based upon the action of the court in sustaining the demurrer to the answer. Was such ruling correct? We are quite clear that the facts stated in the answer showed that the appellant was induced to surrender his interest in the farm and accept of the terms offered by the appellee, by the false and fraudulent representations of the appellee. The appellee had sold the farm for eight thousand dollars. The appellant had paid over three thousand dollars of interest and had greatly added to the value of the farm by improvements. The appellee represented that he could sell the farm for seven thousand five hundred dollars; that that was the highest price that he could obtain, and the defendant, in reliance upon such representations as true, was induced to surrender up the title bond, and execute the notes for five hundred dollars, upon the belief that the appellee had only realized seven thousand five hundred dollars upon the sale of the farm to Cook, when he had realized fourteen thousand five hundred dollars. It seems to us, that upon the facts stated, the entire transaction was tainted with fraud. It was certainly a good defence to the notes sued on. It is not necessary that we should now express any opinion as to what relief, if any, the appellant is entitled to, beyond a defence to the note in suit. See *Frenzel* v. *Miller, ante,* p. 1.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to grant a new

trial, and then overrule the demurrer to the answer, and for further proceedings in accordance with this opinion.

*W. Morrow* and *N. Trusler*, for appellant.

*C. C. Binkley*, for appellee.