No. 10,187.

## MAND *v.* TRAIL ET AL.

CONTRACT.—*Place of Payment. — Custom.—Evidence.— Usage.*—In an action upon a contract made by telegram, whereby merchants in Baltimore purchased of a merchant in this State five car-loads of wheat, and the telegram was silent as to the time when, and the place where, payment was to be made, a custom among merchants in this State may be proved to show that payment was to be made in Baltimore upon the arrival of the wheat.

SUPREME COURT.—*Reversal of Judgment.—Instructions.*—A judgment which is clearly right upon the evidence will not be reversed because erroneous instructions were given.

From the Vigo Circuit Court.

*N. G. Buff, J. T. Pierce, D. T. Morgan* and *W. Eggleston,* for appellant.

*W. Mack* and *H. C. Nevitt,* for appellees.

BEST, C.—The appellees, merchants in Baltimore, Maryland, purchased of the appellant, a merchant in Terre Haute, Indiana, five car loads of wheat, and brought this action against him to recover such damages as they had sustained by reason of his alleged failure to deliver four car loads of the wheat.

A demurrer for the want of facts was overruled to the complaint, and an answer of denial was filed. The issue was tried by a jury, and a verdict was returned for the appellees. A motion for a new trial was overruled, and judgment was rendered upon the verdict. The errors assigned are, that the court erred in overruling the demurrer to the complaint, and in overruling the motion for a new trial.

The contract sued upon was made by telegram. On the 9th day of September, 1879, the appellant sent the appellees the following dispatch:

"TERRE HAUTE, IND., Sept. 9, 1879.

" To Trail & ·Gambrill, Baltimore:

" Will sell you 5 cars No. 2, red, Sept., at 92 cents here.

"J. W. MAND."

To which they replied as follows:

"BALTIMORE, Sept. 9, 1879.

" J. W. Mand, Terre Haute, Indiana:

" We accept your offer of 5 cars at 92.

"TRAIL & GAMBRILL."

It was averred in the complaint that "No. 2 red" means, and was understood by the parties to mean a grade of red wheat known as No. 2; that the word "Sept." means, and was understood by the parties to mean, that the wheat was to be shipped and delivered in the month of September, 1879, and that a car load of wheat contains four hundred and twenty bushels. It was further averred that at the time this contract was made it was a general and notorious custom, of long standing throughout the State of Indiana, that where parties thus deal in grain the seller is to obtain cars and deliver the wheat in the cars on the track of the railroad company at the point of shipment, and receive from the railroad company a bill of lading to the point of destination and attach a draft or drafts to such bill of lading drawn by the consignors upon the consignee, payable at sight. It was further averred that such contract was made in reference to such custom, and the same was understood by the parties to control the shipment, delivery and

payment of said grain; that in accordance with such custom the appellant delivered one car load of such wheat; that appellees were ready, able and willing to comply with their part of the contract in the manner and form aforesaid, but that appellant failed and neglected to. furnish them the residue thereof, whereby they were damaged, etc.

The objection urged to the complaint is that it is not averred that the appellees were ready and willing to pay for the wheat at Terre Haute, Indiana, when there delivered upon the cars. It is insisted that the contract is for the sale and delivery of wheat at Terre Haute, Indiana, and as it is silent as to the time of payment, the delivery of the wheat and the payment of the money are dependent and concurrent acts to be performed at the same time, and that the custom alleged to exist can not control or change a construction of the contract that would pertain in the absence of such custom. This position can not be maintained. The contract in question contains no express stipulation that the money is to be paid in Terre Haute, and in the absence of such stipulation a custom may fix its payment at Baltimore, as alleged. In 2 Parsons on Contracts, at pages 535–7, it is said: "A custom which may be regarded as appropriate to the contract and comprehended by it, has often very great influence in the construction of its language." Again: " Hence an established custom may add to a contract stipulations not contained in it; on the ground that the parties may be supposed to have had these stipulations in their minds as a part of their agreement, when they put upon paper or expressed in words the other part of it."

In 1 Greenleaf on Evidence, section 292, it is said: " Proof of usage is admitted, either to interpret the meaning of the language of the contract, or to ascertain the nature and extent of the contract, in the absence of express stipulations, and where the meaning is equivocal and obscure."

The rule above announced is well supported by authority, many of which are cited in support of the above texts to which reference is made. The contract sued· upon as before stated

contains no express stipulation as to the place or time of the payment of the purchase-money, and hence these may be fixed by custom. The complaint averred the existence of a custom which obligated the appellees to make payment at Baltimore, and hence they were not required to allege that they were ready and willing to pay for the grain at Terre Haute. This they might do without violating the rule of law which forbids the introduction of parol testimony to alter, change or modify a written contract. A custom can not prevail where it has this effect. It is only where there is no express stipulation to the contrary, and the custom is resorted to for the purpose of aiding and explaining that which is not expressed. This is not in violation of, but in entire harmony with, the rule that excludes all parol testimony which varies, modifies or changes a written contract. This the alleged custom does not do in this case unless we assume that the contract bound the appellees to make the payment at Terre Haute; there is nothing in its terms that justifies the assumption, and hence the averment that such custom existed was in harmony with the rule, and exonerated the appellees from averring that they were ready and willing to pay for the grain at Terre Haute. The complaint was good, and the demurrer properly overruled.

The motion for a new trial embraced many reasons. Among others it is insisted that the court erred in permitting several witnesses to testify as to the existence of the alleged custom. The appellees produced Fleury Keith, a witness who had had twenty years' experience in buying and shipping grain, and, after handing him the telegram, propounded to him this question: "State if there was any general custom among wheat merchants and dealers in Indiana in regard to the shipping of wheat under such a contract as was contained in the telegram in his hand, and, if so, give the custom and the meaning of the telegram as construed by such custom?" To the introduction of such testimony as was responsive to the question, the appellant objected on the ground: 1st. "That a usage of the State could not be proved to vary the terms of

Mand *v.* Trail *et al.*

a written agreement or to give it a different interpretation from that given it by the law. 2d. That no usage can be proved to overturn the plain and obvious meaning of the parties expressed in their contract. 3d. That the contract was in writing and could not be contradicted or varied by parol testimony." The objection, for the reasons given, was overruled, and the witness testified as to the existence of the custom and the meaning of the contract. This, it is urged, was error. The objection made to the introduction of this testimony, it will be observed, was on the ground alone that proof of the alleged custom was inadmissible in evidence, and this objection presents the same question raised by the demurrer. For the reasons already given, this objection was not well taken. The objection made did not raise any question as to the right of the party to prove by the witness the meaning of the contract in the light of the custom, but simply raised the question as to the right to prove the custom. Had the objection been made that the witness could not state the meaning of the contract, a different question would have been presented. The objection made, for the reasons given, was, therefore, properly overruled.

Several other witnesses were called to prove the same fact, but as no different question is raised by the admission of their testimony, it is unnecessary to notice more particularly these several rulings. There was, in our opinion, no error in the admission of the testimony.

The appellant also insists that the court erred in giving, and in refusing to give, the several instructions enumerated in the motion for a new trial. We have examined them with some care, and are of opinion that the law as applicable to the case made by the evidence was properly stated to the jury, but however this may be, the result must be the same, as the judgment is clearly right upon the evidence, and in such case erroneous instructions will not authorize a reversal of the judgment. *Whitworth* v. *Ballard*, 56 Ind. 279; *Toler* v. *Keiher*, 81 Ind. 383; *Simmon* v. *Larkin*, 82 Ind. 385.

This disposes of all the questions raised, and as there is no· error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing· opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed Sept. 20, 1883. Petition for a rehearing overruled Jan. 9, 1884.