Filed June 28, 1884.

---

No. 10,522.

## SCOTTEN v. RANDOLPH.

PROMISSORY NOTE.—*Payable in Bank in this State.*—*Inland Bill of Exchange.*
—Under section 5506, R. S. 1881, a promissory note payable to order or bearer in a bank in this State is negotiable as an inland bill of exchange, and the endorsee of such a note for a valuable consideration, before maturity and without notice, takes the same free from any equities or defences which might exist as between the maker and the payee thereof.

SAME.—*Defences.*—*Failure of Consideration.*—*False Representations.*—*Want of Consideration.*—*Error.*—In an action by the endorsee against the maker

of such a note, it is error to sustain a demurrer to a paragraph of answer, alleging facts which show that the consideration of the note had wholly failed before its endorsement, and that the endorsee had knowledge of such facts before the note was endorsed to him; and such error is not rendered harmless because of the fact that issues were joined upon other paragraphs of answer, one alleging that the note was obtained from the maker by certain false and fraudulent representations, and the other averring that the note was executed without any consideration therefor.

PLEADING.— *Written Instrument.—Copy.*—Where several paragraphs of a pleading are founded upon the same written instrument, each professing to set out a copy thereof, one copy filed with the pleading is sufficient for all the paragraphs.

PRACTICE.—*Pleading Rejected.—Bill of Exceptions.—Supreme Court.*—Where a motion to reject or strike out a pleading is sustained, such pleading will constitute no part of the record of the cause on appeal to the Supreme Court, unless it is made so by bill of exceptions or by an order of court.

REHEARING DENIED.—ZOLLARS, J., dissents, and files dissenting opinion.

From the Huntington Circuit Court.

*B. M. Cobb* and *T. G. Smith,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellee.

HOWK, J.—This was a suit by the appellee, as endorsee, against the appellant, as the maker, of a promissory note payable to order, in a bank in this State. In his complaint, the appellee alleged, among other things, that before the maturity of the note he purchased the same, in good faith, of the payee thereof, paying therefor a valuable consideration, and that the note and the interest thereon were due and unpaid. The cause was put at issue and tried by a jury, and a special verdict was returned, in substance, as follows:

" 1st. We, the jury, find that the note sued upon was executed by John J. Scotten, November 25th, 1881, in favor of William G. Watkins, and assigned by endorsement to the plaintiff on the 30th of November, 1881.

" 2d. And we further find that at the time of the assignment, the plaintiff had no knowledge of any fraud in the transaction, or of any defence against said note.

" 3d. And we further find that at the time of assignment, Randolph did not know what the note was given for, and did not know there was any want of consideration for said note.

" 4th. We further find that said note was assigned before it was due, and for a valuable consideration.

" 5th. If, upon the facts, the law is with the plaintiff, then we find for the plaintiff, and assess his damages at the sum of three hundred and seventy-six dollars. And if the law is with the defendant, then we find for the defendant."

Upon the foregoing special verdict, the court rendered judgment for the appellee, the plaintiff below, for the amount found due on the note in suit. The appellant excepted to the judgment, and, his motion for a new trial having been overruled, he has appealed from such judgment to this court.

The first error complained of, in argument, by the appellant's counsel, is the overruling of his motion for an order requiring the appellee to answer more fully certain interrogatories, filed with appellant's answer, as requested in such motion. The appellant's motion for such an order was a motion in relation to collateral matters, and, under the provisions of section 650, R. S. 1881, it did not constitute a part of the record, unless made so either by a bill of exceptions or by an order of the court. In this case, the appellant's motion was not made a part of the record in either of the modes prescribed by the statute. It follows, therefore, that the appellant's motion and the ruling of the court thereon were not properly saved in the record, and the error complained of presents no question for our decision.

Appellant's counsel next insist that the trial court erred in sustaining appellee's demurrer to the fourth paragraph of appellant's answer. In this fourth paragraph of answer, the appellant alleged, in substance, that the consideration for which the note in suit was given had wholly failed, in this, that the payee of the note, William G. Watkins, was engaged in the marriage-dowry insurance business, and that the

only consideration agreed upon by the payee and appellant for the note was that the Allen County Marriage Benefit Association should issue and deliver to appellant a certificate for one hundred and twenty shares of stock, within thirty days from the date of such note, as shown by " Exhibit A," filed with and made part of said paragraph of answer; that no such certificate was so issued by said association, or delivered to appellant, and that appellee had knowledge thereof before he received the note in suit.    Wherefore, etc.

" Exhibit A," which is filed with and made part of the fourth paragraph of answer, is in the words and figures following, to wit: " Receipt for application and payment of first assessment on stock.    Huntington, Ind., November 20th, A. D. 1881.    Received of J. J. Scotten an application and the sum of 360 dollars, being first assessment on 120 shares of benefit stock in the Allen County Marriage-Benefit Association, of Fort Wayne, Ind.    It is agreed and understood that should said association neglect or fail to issue a certificate therefor within thirty days from the date of receiving application, the amount herein named shall be returned to said applicant.    Applicant will please notify the secretary should the certificate not be received within thirty days from date thereof.          (Signed)    WM. G. WATKINS, Agent."

We are of the opinion that the court erred in sustaining appellee's demurrer to the fourth paragraph of appellant's answer.    Upon the facts alleged therein, if they are true, and the demurrer admits their truth, it is clear that the consideration of the note in suit, if it ever had any legal consideration, had wholly failed at the time and before the appellee received the same, of which failure he then had knowledge.    It is true that the note in suit, under the provisions of section 5506, R. S. 1881, in force since July 5th, 1861, was negotiable as an inland bill of exchange, and that the payee and endorsee thereof might recover, as in case of such bills.    It is true, also, that the purchaser and endorsee for a valuable consid-

eration, before maturity and without notice, of such a note as the one in suit, will take such note free from any equities or defences which might exist as between the maker and payee thereof. *Murphy* v. *Lucas,* 58 Ind. 360; *Zook* v. *Simonson,* 72 Ind. 83; *Ruddell* v. *Fhalor,* 72 Ind. 533 (37 Am. R. 177); *Coffing* v. *Hardy,* 86 Ind. 369.

It is certain, we think, that the facts stated in the fourth paragraph of answer would have constituted a complete defence to any suit on the note by Watkins, the payee thereof. When it was alleged that the appellee, as endorsee of Watkins, before he received the note in suit, had knowledge of the facts constituting the appellant's defence to any action brought by Watkins, the payee of the note, the paragraph of answer became a good defence to appellee's suit on the note. But the appellee's counsel say that the paragraph was bad, because " the complaint alleges that the note was endorsed to appellee for a valuable consideration, before maturity, and in *good faith.*" Counsel italicize the words " good faith;" but the averment that the note was endorsed in *good faith* is hardly the averment of a fact. It is, as it seems to us, the averment of a conclusion which the law might, or might not, draw from the facts attendant upon the endorsement of the note. If the appellee had received the note, as its endorsee, in the ordinary course of business, for value, before maturity and without notice of any equities or defences existing between the maker and the payee thereof, the legal conclusion from these facts would be that the appellee was the holder of the note in good faith. Under the civil code facts must be pleaded and not conclusions of law. Section 338, R. S. 1881. Besides, it can not be said, we think, that the averment of " good faith " is equivalent to the averment that the endorsee took the note without notice of the maker's defences.

It is claimed by appellee's counsel that "this paragraph is bad and might have been struck out, for the further reason that the same defence was raised by the second and third par-

agraphs." In this position we think counsel are mistaken. The substance of the second paragraph of answer was that the note in suit was obtained from appellant by certain false and fraudulent representations; and in the third paragraph it was alleged that the note was executed without any consideration therefor. The fourth paragraph of answer, as we have seen, stated as a defence to the suit that the consideration of the note had wholly failed. We can not hold, therefore, that the error of the court in sustaining the demurrer to the fourth paragraph of answer was a harmless error, or that the appellant was not injured thereby; because it is clear that evidence which would have fully sustained the fourth paragraph might have wholly failed to sustain the allegations of either the second or third paragraph of the answer.

"Finally," appellee's counsel say, " the fourth paragraph of answer was bad, for the reason that the plea refers to and makes a certain paper an exhibit which was not filed with the paragraph." A copy of the same paper, as " Exhibit A," was filed with and made part of the second paragraph of answer, and appears in the record immediately following the third paragraph of answer. The same copy of the same paper, by the same description, was made part of the fourth paragraph; but only one copy appears in the record. Upon the point now made by appellee's counsel, in *Maxwell* v. *Brooks*, 54 Ind. 98, this court said: " Where more paragraphs than one are based upon a written instrument, each professing to set out a copy, one copy is sufficient. To require more would subserve no good purpose, but would unnecessarily increase expense and encumber the record."

The demurrer to the fourth paragraph of answer ought to have been overruled.

Appellant's counsel also complain of the decision of the court in sustaining appellee's motion to strike out his cross complaint. The record fails to show that either the motion or the cross complaint was made part thereof by a bill of

Scotten *v.* Randolph.

exceptions or by an order of the court. Where a pleading or a part thereof is struck out below, it will thereafter constitute no part of the record of the cause unless it is made a part thereof by a bill of exceptions or by an order of court. This rule is settled by many decisions of this court. *School Town of Princeton* v. *Gebhart,* 61 Ind. 187 ; *Berlin* v. *Oglesbee,* 65 Ind. 308 ; *Peck* v. *Board, etc.,* 87 Ind. 221. The error, therefore, if it be such, is not properly saved in the record, and is not considered.

The other errors complained of arise under the alleged error of the court in overruling the motion for a new trial, and as they may not occur again, we need not now consider them.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the fourth paragraph of answer, etc.

Filed Oct. 31, 1883. Petition for a rehearing overruled June 21, 1884.

DISSENTING OPINION ON PETITION FOR A REHEARING.

ZOLLARS, J.—Upon a more careful examination of the record, I am satisfied that the petition for a rehearing ought to be granted.

It may be admitted that the fourth paragraph of answer states sufficient facts to withstand the demurrer, and that there was technical error in sustaining the demurrer thereto. Yet the error, as I regard it, was entirely harmless to appellant. Our duty in such cases is clearly fixed by the statute and repeated decisions of this court.

The statute provides that "No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court

that the merits of the cause have been fairly tried and determined in the court below." Section 658, R. S. 1881.

It has often been held by this court, as was held in the case of *Traylor* v. *Dykins*, 91 Ind. 229, that "A judgment will not be reversed by the Supreme Court, for an error in sustaining a demurrer to a paragraph of answer, when it appears that all the evidence, admissible under such paragraph, is also admissible under another paragraph of answer remaining in the record. Such an error is a harmless one." *Wolf* v. *Schofield*, 38 Ind. 175; Works Pr., section 537, and cases cited; *Rowe* v. *Major*, 92 Ind. 206; *Heshion* v. *Julian*, 82 Ind. 576. Let us apply the rule of the statute, and the cases, to the case before us.

The answer consisted of a general denial and three affirmative pleas. A demurrer was overruled to the second and third, and sustained to the fourth. For the alleged error in sustaining the demurrer to the fourth the judgment was reversed. This answer is as follows: "The defendant, for further answer to plaintiff's complaint, says the consideration for which said note was executed has wholly failed in this, to wit, that the payee of said note * * * was engaged in the marriage-dowry insurance business, and the only consideration agreed upon by said payee and this defendant, for said note, was that the Allen County Marriage Benefit Association should issue and deliver to defendant, a certificate for one hundred and twenty shares of stock therein, within thirty days from date of said note, as shown by 'Exhibit A,' filed as a part hereof; that no certificate was so issued by said association, nor delivered to defendant, and that plaintiff had knowledge thereof before he received said note. Wherefore defendant demands judgment for his costs, and other proper relief."

The second answer, after many averments as to the representations made and means used to induce appellant to execute the note, refers to the exhibit filed with it, which is the

same as that referred to in the fourth answer. The exhibit is set out in full in the opinion.

Following the reference to the exhibit, it is averred further as follows: "And at the time said receipt was so executed, it was agreed by, and in it expressed, that in the event that said association neglected or failed to issue a certificate upon said application herein mentioned, within thirty days thereafter, then the note so signed by defendant, in lieu of money paid, as therein set out, was to be returned to him, and its delivery and execution was not to be absolute until he received such shares of stock, all of which plaintiff well knew. * * * And defendant further avers that said association never issued said stock, or any part thereof, nor delivered the same to defendant, but before the expiration of the thirty days aforesaid, said pretended association had surrendered all its franchises, or pretended franchises, and entirely disbanded and ceased to exist," etc.

It will be noticed that this answer refers to the same exhibit as the fourth, and the averments in relation to the consideration, the promise of the stock and the failure to deliver it, are substantially the same as in the fourth answer. Every fact set up in the fourth answer was clearly admissible under the second; if one shows a failure of consideration, clearly the other does. Each was pleaded as a bar to the action. The only possible distinction that can be made is, that in the fourth answer it is styled as a plea of failure of consideration, while the second is pleaded generally as a defence to the action. The code requires that the facts shall be stated in a pleading. When these are stated, the plea will be judged by the facts so stated, and not by what the plea may be styled. The facts stated in the fourth answer being admissible under the second, the sustaining of the demurrer to the fourth was, under the authorities above cited, a harmless error.

If, therefore, appellant did not introduce proof of those facts, if he had any, it was clearly his own fault. It may be

observed in passing that it is very apparent from the special verdict of the jury that appellant was allowed to introduce his evidence in support of the facts set up in the answers; and, more than this, appellant's testimony, with the testimony of the other witnesses, is in the record. Appellant was allowed to and did testify fully, and detailed the whole transaction; identified the exhibit filed with the answers, which was read in evidence, and stated that he had never received the certificate of stock. It is very apparent that he stated all that he could state, or could have stated, had the fourth answer been in.

The error in sustaining the demurrer was a harmless error for another reason, and that is, that in no possible way could the result have been different. The note was commercial paper, as stated in the opinion; hence, if appellee was an innocent purchaser, for value, before maturity, his right to recover would not in any way be affected by the defence set up in the fourth answer. It is averred in the second answer that he was not such innocent purchaser. Appellant was allowed to introduce his evidence to prove that averment. In that he failed, as the jury found in the special verdict that he was an innocent purchaser, for value, and before maturity. That finding in this case is conclusive. This court has no right to assume or presume that by another trial appellant can produce a different result as to that fact, and it will not reverse the judgment to give him the opportunity of attempting it. It should rather be presumed that upon another trial the jury would again find that appellee was an innocent purchaser. Why, then, reverse the judgment to let in a defence which in no possible event could be a defence against appellee's right to recover?

It has recently been held by this court that the exclusion of proper evidence, which could not have changed the result, is a harmless error. *Bunnell* v. *Studebaker*, 88 Ind. 338.

So, too, it has been held that the overruling of a demurrer

to a bad answer is a harmless error when it appears by the answers of the jury to interrogatories that the verdict was found against the plaintiff upon other issues. *Olds* v. *Moderwell*, 87 Ind. 582. So, it has been held that a judgment which is clearly right upon the evidence will not be reversed because erroneous instructions may have been given. *Mand* v. *Trail*, 92 Ind. 521. See, also, *Wright* v. *McLarinan*, 92 Ind. 103. And so, the sustaining of a demurrer to an answer, when the finding of the jury shows that the facts therein set up could not affect the plaintiff's right of recovery, should be held to be harmless.

It may be hard for appellant to pay the note, having received no valuable consideration; so, too, it would be a hardship upon appellee to lose the money which in good faith he paid for the note. He had no knowledge of any defence to the note, and can not possibly be charged with any wrong or negligence in its purchase. As between him and appellant, appellant is in the wrong. By his negligence or stupidity the note was executed; it was commercial paper; appellee had the right to and did buy it in good faith. If either party should lose, it should be appellant, who made the loss possible.

Filed June 21, 1884.